

COPY

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| NORMAN W. ELFTMANN, III, and JENNIFER MUSSER, | ) ) ) | 2015CH16121 CALENDAR/ROOM 03 TIME 00:00 Class Action |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No: _____ |
| VILLAGE OF TINLEY PARK, a Municipal Corporation, | ) ) ) | FILED - 2 2015 NOV 23 AM 8:37 CIRCUIT COURT OF COOK COUNTY ILLINOIS CHANCERY DIV DOROTHY BROWN |
| Defendant. | ) ) | |

### CLASS ACTION COMPLAINT

Plaintiffs, Norman W. Elftmann, III and Jennifer Musser for their complaint against

the Defendant, the Village of Tinley Park, allege as follows:

### I. INTRODUCTION

1. On April 1, 2008, pursuant to Section 11-208.6 of the Illinois Vehicle Code, the

Village Board of the Defendant Village of Tinley Park passed Ordinance No: 2008-O-011

authorizing the installation and utilization of photo red light cameras at various intersections

in the Village of Tinley Park. (See attached Exhibit A).

2. The Village Board found that installation of automated traffic law enforcement

systems would "benefit the public health, safety and welfare by deterring drivers from

entering those intersections in violation of red light signals [.]" (See attached Exhibit A at

page A-1).

1

# EXHIBIT A

3. Although mandated by State statute, 625 ILCS 5/11-208.6(d)(10)(B), the Ordinance did not give vehicle owners the option to contest the violation in the Circuit Court. (See attached Exhibit A at page A-4; Section 8).

4. In or about mid-August 2009, the cameras were activated. While Village Trustee Brain Maher acknowledged that there had been reports about how the cameras generated revenue, Michael O'Connell, Police Chief at that time, noted the cameras were a tool to maximize safety and emphasized the main aim was safety in Tinley Park. (See attached Exhibit B).

5. Shortly after installation of the cameras, or at least beginning on January 17, 2010, the Defendant Village began rejecting "Photo-Enforcement Incidents [] for 'Police Discretion'". (See attached Exhibit C at pages C-4 to C-9).

6. Information regarding the rejections for "police discretion" was first received by undersigned counsel on December 26, 2014. (See attached Exhibit C at page C-1).

7. Included on the list of incidents rejected for "police discretion" were violations recorded involving vehicles owned by the landscaper who cuts former Mayor Edward Zabrocki's grass (two times), employees of Panduit Corporation a company that is a substantial campaign contributor to Mayor Zabrocki, Village employees driving Village vehicles, a Tinley Park Police Officer in his personal vehicle, wives of Tinley Park Police Officers (one wife twice), a Tinley Park Firefighter, a vehicle owned by a local car dealership whose owner was a former Village Trustee and Mayor Zabrocki's last Inaugural Committee

2

Chairman, and an elected Library Board member in a neighboring municipality amongst others believed to be known to, friends of, acquaintances and/or political supporters of Mayor Zabrocki and other Tinley Park elected officials and Village employees.

8. Additionally, on April 5, 2010 at 12:26 p.m., a 2005 Dodge Caravan registered to the Village of Chicago Ridge "ran the red light north bound Harlem at 159th" at "*72 mph*". Thereafter, the ticket was rejected based on "police discretion". (See attached Exhibit C at page C-4; Exhibit D).

9. On January 26, 2011, a letter sent to the Fleet Supervisor of the Cook County Sheriff's Department detailed that the "Police Department has documented the following squad car belonging to the Sheriff's Department proceeding through a red light [.]" The Chief of Police inquired, "If you would like the violation approved and processed, contact our PD and we will process the violation." The Sheriff's Department failed to make any response. (See attached Exhibit E)[1]. Plaintiffs herein received no letters from the Chief of Police making inquiry if they would like to have their alleged violations "approved and processed".

10. An e-mail of October 5, 2012 makes clear that Village employees had some type of procedure to notify ticket reviewers and some expectation that their red light incidents would be rejected. (See attached Exhibit F). No one advised Plaintiffs, though, that if they gave the officer who reviewed the violations a "heads-up" they could potentially avoid the

---

[1] This letter is an example of a number of such letters sent to various governmental agencies produced in response to a FOIA request.

3

$100 ticket.

11. One individual whose incident was not rejected for "police discretion" actually had her photo red light ticket paid by the Village of Tinley Park. (See attached Exhibit G). The Defendant Village made no attempt to pay the citations issued to the Plaintiffs herein.

12. The rejection of "Photo-Enforcement Incidents" based on political and other improper motivations, payment of citations(s) for the benefit of alleged violator(s) and denial of "court" review of alleged violations and provision of a "traffic safety program", as mandated by the Illinois Vehicle Code, constitutes an unconstitutional and unlawful policy, practice and procedure of the Defendant Village of Tinley Park that violates Equal Protection and Due Process of law as guaranteed by both the Constitution of the United States and the Constitution and laws of the State of Illinois.

## II. PARTIES

13. Plaintiff, Norman W. Elftmann, III, is an individual and a citizen of the United States, the State of Illinois and a resident of Cook County.

14. Plaintiff, Jennifer Musser, is an individual and a citizen of the United States, the State of Illinois and a resident of Cook County.

15. Defendant, Village of Tinley Park, is a municipal corporation and body politic duly organized under the laws of the State of Illinois.

4

## III. PLAINTIFF CLASS

16.  Plaintiffs, Norman W. Elftmann, III and Jennifer Musser, bring this action for

themselves and as the representative of a class of similarly situated plaintiffs, described as:

> Any persons who received a "Photo Red Light Violation" or "Violation
> Notice" or similar communication, issued by or in the name of the
> Village of Tinley Park, which alleged or asserted any traffic signal
> violation of Ordinance No: 2008-O-011 or a similar Ordinance, where
> such Notice was generated in whole or in part based on images generated
> by a "Photo Red Light Camera" or "Automated Traffic Enforcement
> System", and who, by reason thereof, suffered an adverse legal consequence,
> including: being required to pay a fee, fine, penalty or surcharge, or court
> filing or other legal or administrative fees, incurring attorney fees, be-
> coming the subject of negative credit reports for unpaid "violations", having
> had driving privileges or vehicle registration suspended, and/or having a
> vehicle towed or immobilized as a result of unpaid "violations".

17. Presentation of this case by way of a class action is a superior method of resolving

these claims, as the average amount at issue here (in most cases, seeking recovery of $100

for any individual violation notice) is relatively small.  In contrast, any Class member's

opportunity costs in challenging alleged violations at a municipal level, and the much greater

out-of-pocket and opportunity costs for any single member of the Plaintiff Class to pursue

this matter to even a first level of appeal in the Circuit Court, are substantially greater than

the cost of the improperly assessed fee or penalty.

18. Total damages suffered by the Plaintiff Class are sizable.  While the 2014 Police

Department Annual Report on the Defendant's web site does not include the pages

summarizing red light photo enforcement, the 2011 Annual Report indicates that in 2011 the

Village collected $342,229. in revenues with a total number of 4,327 tickets issued.  Based

on the other Annual Reports posted, it is estimated that the revenues collected from 2009 to 2015 could exceed $2 million.

19. The Plaintiffs' Class is so numerous that joining them individually would be impracticable. Based on Defendant's Police Department Annual Reports posted on Defendant's web site, it is believed that the Plaintiff Class may exceed 24,000 members.

20. The claims of the named Plaintiffs are typical of those of all members of the proposed Plaintiff Class. This case involves claims that all violation notices issued are defective under both the Constitution of the United States and the Constitution and laws of the State of Illinois. Because the claims primarily involve the unconstitutional and unlawful application of an unlawful Ordinance and other common issues, the main issues of law are common to all members of the class. Common questions of law and fact substantially predominate over any questions of law or fact unique to individual Class members.

21. The named Plaintiffs will fully and adequately represent the interests of all members of the Plaintiff Class. The damages suffered by the named Plaintiffs, and the manner in which they were harmed, are wholly typical of the members of the Class.

22. The named Plaintiffs are represented by trial counsel experienced and competent in areas of law relating to this Complaint, who are prepared fully and adequately to prosecute this action on behalf of their clients and on behalf of all members of the Plaintiff Class, as Class Counsel.

23. Plaintiffs anticipate that administration of this Class, however numerous, will

proceed smoothly, aided by the fact that the Defendants maintain or have maintained comprehensive records identifying all Class members to whom they have issued photo red light tickets.

## IV. BACKGROUND

24. In 2006, the State of Illinois passed legislation that granted municipalities in certain counties the right to install and maintain "automated traffic law enforcement systems", 625 ILCS 5/11-208.6, commonly referred to as red light cameras.

25. The statute authorizes a municipality to enact an "ordinance" providing for an automated traffic law enforcement system to enforce violations of local ordinances and impose liability on the registered owners of vehicles found in violation of said ordinances. 625 ILCS 5/11-208(f).

26. Additionally, Section 5/11-208.6 of the Illinois Vehicle Code mandates that "For each violation of a provision of [] a local ordinance [], the [] municipality [] shall issue a written notice of violation to the registered owner of the vehicle [.] The notice shall include: [] (10) a statement that the person may elect to proceed by: (A) paying the fine, completing a required traffic education program, or both; or (B) challenging the charge in court, by mail or by administrative hearing." 625 ILCS 5/11-208.6 (d)(10)(A) & (B).

27. Municipalities are authorized to provide for a system of administrative adjudication of certain traffic violations. 625 ILCS 5/11-208.3(a).

28. The provisions of the vehicle code relating to the automated traffic law enforcement systems are to be uniformly applied and enforced throughout the state "and in all units of local government." 625 ILCS 5/11-208.1.

29. Home Rule municipalities are precluded from adopting inconsistent local police regulations. 625 ILCS 5/11-208.2.

30. On information and belief, beginning in or about October 2006, the Village of Tinley Park began investigating the use of photo red light cameras at roadway intersections in Tinley Park.

31. On information and belief, Defendant requested Redflex Traffic Systems, Inc. of Phoenix, AZ, as well as other entities, to prepare a business proposal and submit information regarding photo red light systems pursuant to an informal request for comment to the Village of Tinley Park.

32. Included in the information submitted by Redflex to Defendant was a draft "Ordinance". (See attached Exhibit H).

33. Section 6 of the "Draft Ordinance" noted that "the contents" of the Violation Notice "shall comply with the requirements of Section 11-208.3 and 11-208.6 of the [Illinois Vehicle] Code." (See attached Exhibit H at page H-4; Section 6).

34. In addition to a draft "Ordinance", Redflex provided a draft "Violation Processing Service Agreement". (See attached Exhibit I).

35. Said "Agreement" noted that the Violation Notice would include "a statement that

8

the owner may proceed by paying the fine or challenging the fine in court, by mail (if a non-resident) or by administrative hearing [.]" (See attached Exhibit I at page I-3; 3.1.8(k)).

36. On information and belief, said draft " Ordinance" and draft "Violation Processing Service Agreement" had been prepared by Redflex attorneys, Wildman, Harrold, Allen & Dixon of Chicago, and Redflex noted their drafts were 100% compliant with the Illinois Vehicle Code.

37. On information and belief, Redflex advised they would coordinate with the court to transfer files making the violation data, photos and videos available to the Circuit Court and would provide expert testimony until Courts took judicial notice on various issues.

38. On information and belief, Redflex also advised that they would set-up all administrative hearings for the Village.

39. On April 1, 2008, Defendant Village of Tinley Park, by the Mayor and Board of Trustees in their official capacities, passed Ordinance No: 2008-O-011, an "Ordinance Providing for Automated Traffic Law Enforcement Systems And For Administrative Adjudication" of such violations and "Authorizing the Village to Enter Into Agreements Concerning the Enforcement Systems and Services Related Thereto", (see attached Exhibit A), and thereafter entered into a "Violation Processing Service Agreement" with Redflex. (See attached Exhibit J).

40. Pursuant to the Ordinance, an "Automated Traffic Law Violation" means a violation described in section 11-208.6 of the [Illinois Vehicle] Code." (See attached Exhibit

9

A at page A-1).

41. "'Violation Notice' means an Automated Traffic Law Violation notice issued pursuant to sections 11-208.3 and 11-208.6 of the [Illinois Vehicle] Code and pursuant to the provisions of this Ordinance." (See attached Exhibit A at page A-2).

42. The Defendant Village changed Section 6 of the "Draft Ordinance" provided by Redflex that read ""A Violation Notice, the contents of which shall comply with the requirements of Sections 11-208.3 and 11-208.6 of the Code, as amended, shall be served...", (see Attached Exhibit H at page H-4), to read in Defendant's Ordinance, "A Violation Notice, substantially in the form attached hereto as **Exhibit B** and incorporated herein by reference, shall be served...". (See attached Exhibit A at page A-3).

43. "Exhibit B" attached to Ordinance No: 2008-O-011 included provisions, mandated by State statute, that a vehicle owner could challenge the violation "in court" but excluded provisions regarding a "traffic education program." (See attached Exhibit A at page A-7).

44. The Defendant Village also changed the Redflex language regarding the contents of the "Violation Notice" of Section 3.1.8(k) of the draft "Service Agreement" that read, "A statement that the owner may proceed by paying the fine or challenging the fine in court, by mail (if a non-resident) or by administrative hearing", (see attached Exhibit I at page I-3), to read in Defendant's approved Agreement with Redflex at Section 3.1.6(k), "A statement that the owner may proceed by paying the fine or challenging the fine, by mail (if a non-

10

resident) or by administrative hearing" [.] (See attached Exhibit J at page J-3 ; Section 3.1.6 k).

45.   Inclusion of the "court option" and the "traffic education program" in the Ordinance not only would have been inconvenient for the Defendant, it would have added costs as well as would have decreased the Defendant's share of the $100 penalties.

## V. PLAINTIFF NORMAN W. ELFTMANN, III

46.   On November 2, 2014, a vehicle owned by Plaintiff Elftmann III was photographed by a red light camera at or near the intersection of 159th and Harlem Avenue in Tinley Park.  (See attached Exhibit K).

47.   Shortly thereafter, Plaintiff Elftmann III received in the U.S. mail a "Notice of Violation" dated  November 6, 2014.

48.   Plaintiff Elftmann III received the notice because "A vehicle registered in your name was photographed running a red light [.]" (See attached Exhibit K at page K-4).

49.   Fearing the various adverse consequences detailed on the notice, Plaintiff Elftmann III paid the $100 amount which the notice claimed was due.

50. Plaintiff Elftmann III has suffered damages and is entitled to restitution of not less than $100.

11

## VI. PLAINTIFF JENNIFER MUSSER

51. On January 14, 2015, a vehicle owned by Plaintiff Musser was photographed by a red light camera at or near the intersection of 183rd and Harlem Avenue in Tinley Park. (See attached Exhibit L).

52. Shortly thereafter, Plaintiff Musser received in the U.S. mail a "Notice of Violation" dated January 20, 2015.

53. Plaintiff Musser received the notice because a vehicle registered in her name was photographed allegedly running a red light.

54. Plaintiff Musser elected to contest the Notice and requested a hearing date.

55. Plaintiff Musser was then assigned a hearing date of March 4, 2015. (See attached Exhibit L at page L-2).

56. Plaintiff Musser attended the Hearing and, at some time therein, asked for a continuance to be represented by counsel.[2]

57. The Hearing Officer found Plaintiff Musser guilty of the alleged violation. (See attached Exhibit L at page L-3).

58. After an exchange of e-mails, Police Chief Steven Neubauer sent Attorney Stephen E. Eberhardt a letter advising that the Hearing Officer "will honor your request by resetting this case to the administrative court on April 1, 2015." (See attached Exhibit L at page L-4).

---

[2] The Ordinance provides that the vehicle owner may be represented by counsel at the Hearing. (Ordinance No: 2008-O-011, Section 8).

59. On April 1, 2015, Plaintiff Musser appeared with counsel and Hearing Officer Michael Carroll refused to rehear the case.

60. Plaintiff Musser has suffered damages and is entitled to restitution of not less than $100.

## VII. CLAIMS

### COUNT I

61. Plaintiffs re-allege and incorporate herein by reference the foregoing paragraphs as if fully set forth herein.

62. The Fourteenth Amendment to the Constitution of the United States provides in pertinent part "nor shall any State deprive any person of life, liberty or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

63. 42 U.S.C. §1983 provides in pertinent part: "Every person who, under color of any statute [or] ordinance of any State [] subjects, or causes to be subjected, any citizen of the United States [] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured [.]"

64. As applied by Defendant, Ordinance No: 2008-O-011 violates the Plaintiffs' Equal Protection rights by authorizing rejection of certain person(s) tickets for "police discretion" while denying that option to Plaintiffs and others similarly situated.

13

65. As applied by Defendant, Ordinance No: 2008-O-011 violates the Plaintiffs' Equal Protection rights by authorizing payment of fines by the Defendant for certain person(s) photo red light tickets while denying that benefit to Plaintiffs and others similarly situated.

66. As passed and applied by Defendant, Ordinance No: 2008-O-011 violates the Plaintiffs' Due Process rights by denying Plaintiffs the right (1) to contest an alleged photo red light violation in the Circuit Court, and (2) to attend a "traffic education program" in lieu of paying or reducing the $100 fine.

67. The Defendants' arbitrary, capricious and unreasonable enforcement of Ordinance No: 2008-O-011 is an action taken under color of law with no compelling state interest, in violation of the Equal Protection Clause of the United States Constitution for which the Defendant Village is liable to the Plaintiffs under 42 U.S.C. §1983.

68. The Defendants' arbitrary, capricious and unreasonable passage and enforcement of Ordinance No: 2008-O-011, that denies a vehicle owner the right to contest a violation "in court" or attend a "traffic education program", is an action taken under color of law with no compelling state interest, in violation of the Due Process Clause of the United States Constitution for which the Defendant Village is liable to the Plaintiffs under 42 U.S.C. §1983.

69. As such, the Plaintiffs should recover an award of actual damages as well as the costs of this action against the Defendant Village plus reasonable attorney's fees pursuant

14

to 42 U.S.C. §1988.

70. As a result of the unconstitutional and unlawful practices under, the drafted terms of and application of Ordinance No: 2008-O-011, Plaintiffs Norman W. Elftmann, III and Jennifer Musser, and all other members of the Plaintiff Class, have suffered injury traceable to the Defendant.

71. Only this Court, in granting the relief requested below, can prevent further injury to the Plaintiffs, to members of the Plaintiff Class, and to other vehicle owners who may be added to the Plaintiff Class on a daily basis.

WHEREFORE, Plaintiffs seek entry of an Order of this Court:

(A) Finding the Defendant's passage, enforcement and practices under the Ordinance unlawful as well as unenforceable as violative of the Constitution of the United States;

(B) Granting an award of actual damages as well as the costs of this action against the Defendant Village plus reasonable attorney's fees pursuant to 42 U.S.C. §1988; and

(C) Such other relief as this Court deems just, fair and equitable.

## COUNT II

72. Plaintiffs re-allege and incorporate herein by reference the foregoing paragraphs as if fully set forth herein.

73. Plaintiffs seek a declaratory judgment pursuant to 735 ILCS 5/2-701, *et seq.* finding Ordinance 2008-O-011 unconstitutional, unlawful, void *ab initio* and unenforceable.

74. The Fourteenth Amendment to the Constitution of the United States provides in pertinent part, "nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

75. Article I, Section 2 of the Constitution of the State of Illinois provides, "No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws.

76. Section 5/11-208.6 of the Illinois Vehicle Code mandates that "For each violation of a provision of [] a local ordinance [], the [] municipality [] shall issue a written notice of violation to the registered owner of the vehicle [.]  The notice shall include: [] (10) a statement that the person may elect to proceed by: (A) paying the fine, **completing a required traffic education program,** or both; or (B) challenging the charge **in court,** by mail or by administrative hearing." 625 ILCS 5/11-208.6 (d)(10)(A) & (B).(Emphasis added).

77. Moreover, "the court or hearing officer may consider in defense of a violation [] any other evidence or issues provided by municipal [] ordinance." 625 ILCS 5/11-208.6(h)(3).

78. The State's enabling legislation makes clear that an alleged violator who receives

a citation as a result of an automated traffic law enforcement system has the right to elect to have their challenge heard in the Circuit Court of Cook County. Moreover, the Defendant Village should have provided for a "traffic education program" that a violator could attend to reduce or be considered in lieu of the $100 fine.

79. The Defendant Village of Tinley Park recognized this mandate in the Ordinance.

80. Section 2(l) of the Ordinance defines "'Violation Notice' means an Automated Traffic Law Violation notice issued prusuant to Sections 11-208.3 and 11-208.6 of the Code and pursuant to the provisions of this Ordinance." (See attached Exhibit A at page A-2).

81. The Defendant Village also recognized the court mandate of the Illinois statute in their "Form of Violation Notice" attached to Ordinance No: 2008-O-011 as Exhibit B.

82. Said Notice advises the violator that "[u]pon receipt of this Notice, you may elect to proceed by (1) paying the fine described in the preceding paragraph or (2) challenging the violation in court, by mail [only if the owner is a non-resident] or by administrative hearing." (See attached Exhibit A at page A-7).

83. Contrary to the Illinois Vehicle Code's statutory mandate and even though Defendant Village Attorneys drafted the Ordinance pursuant to 11-208.6 and included in the Ordinance a "Violation Notice" that authorized a court challenge pursuant to State statute, the Defendant Village through the knowing, intentional, and purposeful acts of the elected Village Board ultimately excluded provisions for a "traffic education program" and a "court" challenge from the complained of Ordinance.

17

84. Rather than providing a mechanism whereby an alleged violator can opt to have their challenge heard in the Circuit Court, Section 8 of the complained of Ordinance contains no provision for court review. (See attached Exhibit A at page A-4).

85. In their "Violation Processing Service Agreement" with Redflex, the Village requires Redflex to "include on all Citations" only a "statement that the owner may proceed by paying the fine or challenging the fine, by mail (if a non-resident) or by administrative hearing [.]" (Attached Exhibit J at page J-3, Section 3.1.6(k)).

86. The provisions of the vehicle code relating to the automated traffic law enforcement systems are to be uniformly applied and enforced throughout the state "and in all units of local government." 626 ILCS 5/11-208.1

87. Home Rule municipalities are precluded from adopting inconsistent local police regulations. 625 ILCS 5/11-208.2.

88. All municipalities are limited to enacting traffic ordinances that are consistent with the provisions of chapter 11 of the Illinois Vehicle Code and that do not upset the uniform enforcement of those provisions throughout the state. *People ex rel. Ryan v. Village of Hanover Park, et al.*, 311 Ill.App.3d 515, 525, 724 N.E.2d 132 (1st Dist. 1999).

89. The Tinley Park Ordinance and Service Agreement combine to deny a vehicle owner the right to opt for a court hearing or attend a "traffic education program" in lieu of or to reduce the $100 fine as mandated by the Illinois statute. As such, the Tinley Park scheme is contrary to statute, *ultra vires*, void *ab initio* and unconstitutional.

18

90. Ordinance No: 2008-O-011 violates the Plaintiffs' Constitutional and statutory rights by authorizing rejection of certain person(s) tickets for "police discretion" while denying that option to Plaintiffs and others similarly situated.

91. Ordinance No: 2008-O-011 violates the Plaintiffs' Constitutional and statutory rights by authorizing payment by Defendant of certain person(s) tickets while denying that benefit to Plaintiffs and others similarly situated.

92. Ordinance No: 2008-O-011 violates the Plaintiffs' Constitutional and statutory rights by denying a vehicle owner the right to contest a photo red light violation in the Circuit Court as mandated by State law.

93. Ordinance No: 2008-O-011 violates the Plaintiffs' Constitutional and statutory rights by denying a vehicle owner the right to attend a "traffic education program" as mandated by State law.

94. As a result of the unconstitutional and unlawful terms and application of Ordinance No: 2008-O-011, Plaintiffs Norman W. Elftmann, III and Jennifer Musser, and all members of the Plaintiff Class, have suffered injury traceable to the Defendant.

95. Only this Court, in granting the relief requested below, can prevent further injury to the Plaintiffs, to members of the Plaintiff Class, and to other vehicle owners who may be added to the Plaintiff Class on a daily basis.

WHEREFORE, Plaintiffs seek an Order of this Honorable Court:

A. Declaring Ordinance 2008-O-011 to be unconstitutional, unlawful, *ultra vires*, void *ab initio* and unenforceable;

B. Ordering the Defendant to refund and repay any monies paid to the Defendant for any alleged violation of Ordinance No: 2008-O-011;

C. Enjoining Defendant from any further enforcement activity and activity to collect fees, fines, taxes, or penalties involved with their various enforcement schemes;

D. Awarding costs and attorney fees to the Plaintiffs in regard to this action; and

E. For such other relief as the Court deems just, fair and equitable.

## COUNT III

96. Plaintiffs re-allege and incorporate herein by reference the foregoing paragraphs as if fully set forth herein.

97. Because of the unconstitutional applications and unlawful terms and enforcement of Ordinance No: 2008-O-011, the Defendant Village of Tinley Park has never been legally entitled to collect any sums from Plaintiffs, or any members of the Plaintiff Class, for photo red light violations.

98. Defendants have improperly and unlawfully obtained and kept monies belonging to Plaintiffs and to all members of the Plaintiff Class resulting in the unjust enrichment of

the Defendant.

99.  This Court has the power to award restitution to Plaintiffs, in both law and in equity, to rectify the unjust gains and enrichment of Defendant.

WHEREFORE, Plaintiffs seek an Order of this Honorable Court:

A.  Directing Defendant to refund to all Plaintiffs all sums they have paid in fees, fines, taxes or penalties assessed in connection with any photo red light enforcement scheme;

B.  Directing Defendant to make all legal and equitable restitution to all Plaintiffs of all such sums;

C.  Awarding damages to Plaintiffs as allowed by law;

D.  Awarding costs and attorney fees to the Plaintiffs in regard to this action; and

E.  For such other relief as the Court deems just, fair and equitable.

## JURY DEMAND

100.  Plaintiffs request trial by jury for all issues and counts so triable.

By: _____

Stephen E. Eberhardt
One of the Attorneys for Plaintiffs

Stephen E. Eberhardt
Law Offices of Stephen E. Eberhardt
16710 Oak Park Avenue
Tinley Park, IL 60477
708-633-9100
Attorney Code: 29251


Gerardo S. Gutierrez
Attorney at Law
53 W. Jackson Blvd, Suite 1651
Chicago, IL 60604
312-786-9970
Attorney Code: 30417

## VERIFICATION

Under penalties provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies that he or she verily believes the same to be true.

_Stephen E. Eberhardt_
Stephen E. Eberhardt

EXHIBIT A

VILLAGE OF TINLEY PARK
COOK AND WILL COUNTIES, ILLINOIS

ORDINANCE NO. 2008-O-011

AN ORDINANCE PROVIDING FOR AUTOMATED TRAFFIC LAW ENFORCEMENT
SYSTEMS AND FOR ADMINISTRATIVE ADJUDICATION
OF AUTOMATED TRAFFIC LAW VIOLATIONS
IN THE VILLAGE OF TINLEY PARK
AND AUTHORIZING THE VILLAGE OF TINLEY PARK TO ENTER INTO
AGREEMENTS CONCERNING THE ENFORCEMENT
SYSTEMS AND SERVICES RELATED THERETO

WHEREAS, pursuant to the Illinois Vehicle Code, as recently amended by Public Act 94-0795, municipalities in the counties of Cook, DuPage, Kane, Lake, Madison, McHenry, St. Clair and Will are authorized to provide by ordinance for "automated traffic law enforcement systems," as that term is defined in Section 11-208.6 of the Vehicle Code; and

WHEREAS, establishing automated traffic law enforcement systems at specified intersections in the Village of Tinley Park at which traffic is controlled by signals exhibiting different colored lights or color lighted arrows will benefit the public health, safety and welfare by deterring drivers from entering those intersections in violation of red light signals, thereby decreasing the potential for personal injury and property damage due to vehicle collisions caused by red light violations; and

WHEREAS, it is therefore in the best interests of the Village of Tinley Park to establish automated traffic law enforcement systems and to provide for administrative adjudication of automated traffic law violations as specified in this Ordinance;

NOW, THEREFORE, BE IT ORDAINED by the President and Board of Trustees of the Village of Tinley Park, Cook and Will Counties, Illinois, as follows:

SECTION 1: The statements set forth in the preamble to this Ordinance are found to be true and correct and are incorporated into this Ordinance as if set forth in full.

SECTION 2: As used in this Ordinance, words or terms shall have the following meanings unless the context or usage clearly indicates that another meaning is intended:

    (a)     "Administrator" means the Village's Traffic Control Administrator.

    (b)     "Automated Traffic Law Violation" means a violation described in Section 11-208.6 of the Code.

(c)    "Automated Traffic Law Enforcement System" means a device with one (1) or more motor vehicle sensors working in conjunction with a red light signal to produce Recorded Images of motor vehicles entering an intersection against a red light signal in violation of Section 11-306 of the Code or a similar provision of a Village ordinance.

(d)    "Certified Report" means a report concerning five (5) or more unpaid fines or penalties for Automated Traffic Law Violations made by the Village to the Secretary in accordance with Section 6-306.5 of the Code.

(e)    "Village" means the Village of Tinley Park, Cook and Will Counties, Illinois.

(f)    "Code" means the Illinois Vehicle Code, 625 ILCS 5/1-100, *et seq.*

(g)    "Determination Notice"(Past Due Notice) means a notice of final determination of Automated Traffic Law Violation liability issued pursuant to Section 11-208.3 of the Code and pursuant to the provisions of this Ordinance.

(h)    "Recorded Images" means images showing the time, date and location of an Automated Traffic Law Violation recorded by an Automated Traffic Law Enforcement System on: (i) two (2) or more photographs, (ii) two (2) or more microphotographs, (iii) two (2) or more electronic images or (iv) a video recording showing the motor vehicle and, on at least one (1) image or portion of the recording, clearly identifying the registration plate number of the motor vehicle.

(i)    "Secretary" means the Illinois Secretary of State.

(j)    "Suspension Notice" means a notice of impending driver's license suspension issued pursuant to Section 11-208.3 of the Code and pursuant to the provisions of this Ordinance.

(k)    "System" means, individually, an Automated Traffic Law Enforcement System or, collectively, Automated Traffic Law Enforcement Systems established in the Village pursuant to this Ordinance.

(l)    "Violation Notice" means an Automated Traffic Law Violation notice issued pursuant to Sections 11-208.3 and 11-208.6 of the Code and pursuant to the provisions of this Ordinance.

SECTION 3: The Village hereby establishes Systems at all of the following intersections to be implemented on the schedule devised by Village staff located within the corporate limits of the Village:

✓ Harlem Avenue and 159th Street

✓ Harlem Avenue and 171st Street

✓ Harlem Avenue and 183rd Street

**SECTION 4:** The Village is authorized to enter into agreements, substantially in the forms attached hereto as **Group Exhibit A** and incorporated herein by reference (collectively, the "Agreements"), with Redflex Traffic Systems, Inc. ("Redflex") for the design and implementation of the System(s) and for services related to the System(s). The Agreements shall be subject to final modification by the attorneys for the Village and Redflex. The Village President is hereby authorized and directed to execute the Agreements, once finalized, thereby binding the Village to their terms. The Village Clerk is authorized and directed to attest to the Village President's signature, as necessary.

**SECTION 5:** There is hereby established the office of Administrator, which shall be filled by appointment of the Village President. The Administrator or his designee shall be authorized to adopt, distribute and process Violation Notices and other notices required by Section 11-208.3 of the Code, collect money paid as fines and penalties for Automated Traffic Law Violations and operate an administrative adjudication system for Automated Traffic Law Violations. The Administrator is also authorized to make a Certified Report to the Secretary pursuant to Section 6-306.5 of the Code, and any such Certified Report shall contain the information required under Section 6-306.5(c) of the Code.

**SECTION 6:** A Violation Notice, substantially in the form attached hereto as **Exhibit B** and incorporated herein by reference, shall be served by mail to the address of the registered owner of a vehicle cited for an Automated Traffic Law Violation as recorded with the Secretary within thirty (30) days after the Secretary notifies the Village of the identity of the owner of the vehicle, but in no event later than ninety (90) days after the violation. Service of a Violation Notice shall be deemed complete as of the date of deposit in the United States mail. The original or a facsimile of a Violation Notice or, in the case of a Violation Notice produced by a computerized device, a printed record generated by the device showing the facts entered on the Violation Notice, shall be retained by the Administrator, and shall be a record kept in the ordinary course of business. A Violation Notice issued, signed and served in accordance with this Ordinance and Section 11-208.3 of the Code, a copy of the Violation Notice or the computer generated record shall be prima facie correct and shall be prima facie evidence of the correctness of the facts shown on the Violation Notice. The Violation Notice, copy or computer generated record shall be admissible in any subsequent administrative or legal proceedings.

**SECTION 7:** Before a citation may be issued for any Automated Traffic Law Violation, a determination must be made by a technician employed or contracted by the Village that, based on inspection of Recorded Images generated by the System, the motor vehicle was being operated in violation of Section 11-208.6 of the Code or an ordinance of the Village. If the

technician determines that the vehicle entered the intersection as part of a funeral procession or in order to yield the right-of-way to an emergency vehicle, a citation shall not be issued.

SECTION 8: The registered owner of the vehicle cited in a Violation Notice shall have the opportunity for a hearing in which said owner may contest the merits of the alleged violation. The lessee of a vehicle cited in a Violation Notice likewise shall be afforded the opportunity for a hearing of the same kind afforded the registered owner. The formal or technical rules of evidence shall not apply at any such hearing. Such hearings shall be recorded, and the person conducting the hearing on behalf of the Administrator shall be empowered to administer oaths and to secure by subpoena both the attendance and testimony of witnesses and the production of relevant books and papers. Persons appearing at such a hearing may be represented by counsel at their own expense.

SECTION 9: A final determination of Automated Traffic Law Violation liability shall occur following failure to pay the fine or penalty after a hearing officer's determination of violation liability. Where a person fails to appear at a hearing to contest the alleged violation in the time and manner specified in a prior mailed notice, the hearing officer's determination of violation liability shall become final: (a) upon denial of a timely petition to set aside that determination, or (b) upon expiration of the period for filing such a petition without a filing having been made.

SECTION 10: A Determination Notice, substantially in the form attached hereto as Exhibit C and incorporated herein by reference, shall be sent following a final determination of Automated Traffic Law Violation liability and the conclusion of judicial review procedures taken under Section 11-208.3 of the Code. A Determination Notice shall be sent by first class United States mail, postage prepaid, to the address of the registered owner of the cited vehicle as recorded with the Secretary or, if any notice to that address is returned as undeliverable, to the last known address recorded in a United States Post Office approved database or, under Section 11-1306 of the Code, to the lessee of the cited vehicle at the last address known to the lessor of the cited vehicle at the time of the lease or, if any notice to that address is returned as undeliverable, to the last known address recorded in a United States Post Office database. Service of the Determination Notice shall be deemed complete as of the date of deposit in the United States Mail.

SECTION 11: A person owing an unpaid fine or penalty for Automated Traffic Law Violation penalty may file a petition to set aside a final determination of such liability within ten (10) days after service by the Village of a Determination Notice (Past Due Notice). Such a petition shall be filed by sending the same, together with any documentation in support thereof, to the Administrator by certified mail, return receipt requested, or by personal delivery to the Administrator. The grounds for such a petition shall be limited to: (a) the person not having been the owner or lessee of the cited vehicle on the date the Violation Notice was issued, (b) the person having already paid the fine or penalty for the violation in question, (c) the vehicle being in the possession and control of a person other than the person named in the Determination Notice (Past Due Notice) at the time of the violation, and (d) excusable failure to appear at or

request a new date for a hearing. A hearing on such a petition shall be held within thirty (30) days after the filing of same. In the event that such a petition is granted upon a showing of just cause, and the subject determination of Automated Traffic Law Violation liability is thereby set aside, the registered owner shall be provided with a hearing on the merits for that violation.

SECTION 12: A Suspension Notice, substantially in the form attached hereto as Exhibit D and incorporated herein by reference, shall be sent to the person liable for any fine or penalty that remains due and owing on five (5) or more unpaid Automated Traffic Law Violations. The Suspension Notice shall be sent by first class United States mail, postage prepaid, to the address recorded with the Secretary or, if any notice to that address is returned as undeliverable, to the last known address recorded in a United States Post Office approved database. Service of a Suspension Notice shall be deemed complete as of the date of deposit in the United States mail.

SECTION 13: If the Administrator provides a Suspension Notice to a vehicle owner and subsequently makes a Certified Report to the Secretary, the subject vehicle owner may challenge the accuracy of the Certified Report in writing. To do so, the vehicle owner must submit to the Administrator a written statement under oath, together with any supporting documentation, establishing one of the following grounds for challenging the accuracy of the Certified Report: (1) that the person was not the owner or lessee of the subject vehicle or vehicles receiving five (5) or more Automated Traffic Law Violations on the date or dates such Violation Notices were issued, or (2) that the person already paid the fines or penalties for the five (5) or more Automated Traffic Law Violations indicated on the Certified Report. Such statement and supporting documentation must be sent to the Administrator by certified mail, return receipt requested, or hand-delivered to the Administrator within five (5) days after the person receives notice from the Secretary that that the person's driver's license will be suspended at the end of a specified period of time unless the Secretary is presented with a notice from the Village certifying that the fines or penalties due and owing have been paid or that the inclusion of the person's name on the Certified Report was in error.

SECTION 14: Non-residents of the Village who receive Violation Notices may contest the merits of the alleged Automated Traffic Law Violation without attending a hearing by sending a signed statement, under oath, together with any supporting documentation, to the Administrator via certified mail, return receipt requested, within ten (10) days after service of the Violation Notice. Such a statement shall set forth the reasons why a finding of liability should not be entered. The Administrator shall rule on such a statement within ten (10) days after receipt of same, and shall inform the non-resident of his decision within ten (10) days thereafter.

SECTION 15: Unless the driver of the motor vehicle cited for an Automated Traffic Law Violation received a Uniform Traffic Citation from a police officer at the time of the violation, the owner of the motor vehicle is subject to a penalty of one hundred dollars ($100) per violation. In the event that such penalty is not paid within twenty-five (25) days after service of a Violation Notice, the penalty shall increase to one hundred twenty five dollars ($125).

6

Ordinance is held to be invalid, then that portion shall be stricken from this Ordinance and the remaining portions of this Ordinance shall continue in full force and effect to the extent possible.

AYES:        Rea, Hannon, Bettenhausen, Maher, Staunton

NAYS:        None

ABSENT:     Seaman

**PASSED AND APPROVED THIS 1ˢᵗ DAY OF APRIL, 2008**

Edward Zabrocki
President

Attest:

Frank W. German, Village Clerk

iManage:204041_1

## EXHIBIT B

Form of Violation Notice

## NOTICE OF AUTOMATED
## TRAFFIC LAW VIOLATION

To:[Name of Registered|Owner of Vehicle]

[Address of Registered Owner of Vehicle]

Secretary of State records indicate that you are the registered owner of a vehicle that committed an automated traffic law violation, as defined in 625 ILCS 5/11-208.6, at the intersection of _____ and _____ in the Village of _____, Illinois, on [date] at [time]. The vehicle is a [insert vehicle make, if available and readily discernable] and bears State Registration Number _____.

Recorded images depicting the above violation are enclosed. These recorded images are evidence of a violation of a red light signal.

The penalty for the above violation is seventy-five ($75) if paid by [date which is 25 days after the date of the notice] or one hundred dollars ($100) if paid later than that date.

Upon receipt of this Notice, you may elect to proceed by (1) paying the fine described in the preceding paragraph or (2) challenging the violation in court, by mail [only if the owner is a non-resident] or by administrative hearing. To request an administrative hearing, contact the Village's Traffic Control Administrator, [name], at [phone number] no later than [date which is 14 days after the date of the notice]. Failure to do so will result in a waiver of your right to an administrative hearing.

Payment of the fine described in this Notice, and of any applicable penalty for late payment, shall operate as a final disposition of the violation described herein.

Failure to pay the penalty described in this notice or to contest liability in a timely manner is an admission of liability and may result in a suspension of your driving privileges.

iManage:204041_1

## EXHIBIT C

Form of Determination Notice

## NOTICE OF FINAL DETERMINATION OF AUTOMATED TRAFFIC LAW VIOLATION

To:[Name of Registered Owner of vehicle]

[Address of Registered Owner of Vehicle]

On [date] you were served with a Notice of Automated Traffic Law Violation. Pursuant to your request, an administrative hearing was scheduled for [date] regarding the merits of the alleged violation.

[Following the hearing, the hearing officer entered a determination of liable on the automated traffic law violation. You have failed to pay the fine entered by the hearing officer within the applicable time period.]

- OR -

[You failed to appear at the hearing to contest the alleged violation. Moreover, (1) you failed to file a petition to set aside the hearing officer's determination of liability, or (2) the time period for filing such a petition has expired.]

Available judicial review procedures have concluded. The unpaid fine is a debt due and owing the Village of Tinley Park. Failure to pay this fine within ten (10) days of the date of this Notice may result in the Village's filing of a petition in the Circuit Court to have the unpaid fine or penalty rendered a judgment, or may result in suspension of your driver's license for failure to pay fines for five (5) or more automated traffic law violations

1

[IManage:204041_1]

## EXHIBIT D

### Form of Suspension Notice

## NOTICE OF IMPENDING DRIVER'S LICENSE SUSPENSION

To:[Name of Registered Owner of vehicle]

[Address of Registered Owner of Vehicle]

You have previously been determined to be liable to the Village of Tinley Park, Illinois (the "Village"), for five (5) or more unpaid automated traffic law violations, as defined in 625 ILCS 5/11-208.6. Failure to pay the fines or penalties owing within forty-five (45) days of the date of this Notice will result in the Village of Tinley Park notifying the Secretary of State that you are eligible for initiation of driver's license suspension proceedings under 625 ILCS 5/6-306.5.

You may obtain a photostatic copy of an original citation imposing a fine or penalty for an automated traffic law violation by sending a request for the same and self-addressed, stamped envelope to the Village of Tinley Park Traffic Central Administrator, [name], at the above address.

1

# EXHIBIT B

Advertisement:

**Welcome back to TribLocal!**

Please pardon our dust as we transition our network of suburban websites to Chicago Tribune. Share feedback with us at triblocalfeedback@tribune.com.

 Tinley Park

# Tinley Parks using cameras to nab stoplight scofflaws

 By Melissa R. Riske Community Member Aug. 21, 2009 at 3:31 p.m.



Cameras were installed at traffic intersections along Harlem Avenue, including this one monitoring southbound traffic at 183rd Street, in Tinley Park.

Tinley Park Village Trustee Brian Maher admits, hes a little more careful when driving down Harlem Avenue these days.

Tinley Park has installed cameras at three Harlem Avenue intersections to monitor for those who violate run red lights.

The cameras were installed to monitor traffic traveling north and south at 171st Street and traffic traveling south at 183rd Street and traffic traveling north at 159th Street.

The cameras, installed in early July, were officially turned on mid August to begin recording information on violators.

Maher, chairman of the villages public safety committee, said the cameras provide another law enforcement tool.

We believe red light cameras can be an effective and useful tool, Maher said.

Maher said the committee members spent time reviewing the legality and uses of cameras at traffic lights.

Tinley Park Sgt. Sam Shervino, who researched cameras at red lights, said research shows the presence of the cameras can reduce the number of side-impact collisions at an intersection.

There is some data to suggest the cameras presence can lead to an increase in rear-end collisions because drivers are fearful of citations, Shervino said.

Were trying to save lives, thats basically it, Shervino said. A side-impact crash can be more severe.

With stoplight cameras becoming more common in Illinois communities, Shervino said he thinks drivers will adapt to the traffic enforcement tool.

Similar cameras are in use in Chicago, as well as Orland Park and Naperville.

Maher said hes noticed that since the cameras went up, hes a little more cautious approaching the intersections and hes more conscious about making a full stop before attempting a right turn at a red light.

Sensors for the camera can detect when a vehicle proceeds through an intersection during a red light. The cameras record photos, which are later reviewed by a Tinley Park Police Officer.

Maher said a police officer must confirm the violation before a ticket is issued to the vehicle owner.

The violation is for a driver who drives through a red light, and does not apply to a driver traveling through a yellow light that turns red or to drivers who complete a left-hand turn as the traffic light changes from yellow to red, Shervino said.

Along with a citation, the vehicle owner receives information on how to view the recorded incident through the Internet.

There is very little room to dispute it, Shervino said. You will view it, you will look and say I went

through the red light.

The citation for violators is $100. It is considered a civil violation and is similar to a parking ticket, Shervino said.

Maher acknowledged there have been reports about how these cameras can generate revenue for villages.

Our motive was not revenue, Maher said. We dont have any expectations on the kind of fees we might or might not generate

Tinley Park Police Chief Mike OConnell said there are several costs for the program, including the camera equipment, the company that manages the recording equipment and sends footage to the police department as well as the staffing needed to review violations and issue citations.

Its one more tool to maximize safety, OConnell said.

Maher said the cameras are a more efficient way of doing traffic enforcement.

He added that before the cameras were turned on, the traffic lights were inspected by the Illinois Department of Transportation to check the sequencing and timing.

We wanted to make sure everything was calibrated correctly, Maher said.

He said the village has a five-year contract for the cameras and will review the use of the cameras on a yearly basis to see how they are working and to determine any changes in locations, or the use of additional cameras.

OConnell emphasized the main aim is safety in Tinley Park.

Some people only think we are cops and only cops and a lot of people forget we have family and we have friends, OConnell said. We all have families, friends that drive these roads and through these streets. I want to know if my daughter is driving with my granddaughter in the car she is as safe as possible.

By Melissa R. Riske
Triblocal.com reporter

EXHIBIT C

**Subject:** Eberhardt 120814 Final response/Item 2. therein

**From:** Arthur Pierce (apierce@tinleypark.org)

**To:** ⬛⬛⬛⬛⬛⬛⬛⬛⬛;

**Date:** Friday, December 26, 2014 4:16 PM

December 26, 2014

Mr. Stephen Eberhardt

Attorney at Law

16710 So. Oak Park Avenue

Tinley Park, Illinois 60477

## RE: FINAL RESPONSE TO FREEDOM OF INFORMATION ACT REQUEST RECEIVED DECEMBER 8, 2014

Dear Mr. Eberhardt: **(Via E-mail)**

I write to respond to Item 2. of your " three item" Freedom of Information Act Request received by the Village of Tinley Park, Illinois on December 8, 2014.

A copy of the Partial Response for Items 1. and 3. of your Foia request sent to you on December 19, 2014 is included as an attachment to this e-mail. This document also references setting December 26, 2014 as the agreed date for response to Item 2.

A copy of your original FOIA Request is included in the Attachment to this e-mail.

A copy of an extension memo is included as an attachment to this e-mail.

A copy of the documents regarding a Response to Item 2. of your request is also included as an attachment to this e-mail.

**Item 2. – Copy in electronic format: "Names Only, not personal identifying information, of persons/owners not receiving red light violations per#6 "Police Discretion" as noted on attachments B & C for the years 2010 through 2014."** I enclose an attachment that includes documents which the Village of Tinley Park believes is responsive to Item 2. of your request. Pursuant to the specific language of your request for this item, the attachment includes "Names Only," along with the date and time of the incidents from January 1, 2010 thru December 3, 2014. All other information has been deleted.

If you have any further questions do not hesitate to contact this office.

Sincerely,

Arthur Pierce

Freedom of Information Act Coordinator

Village of Tinley Park, Illinois

708-444-5008

---

**Attachments**

10/15/2015 7:34

- Eberhardt 120814 EXTENSION.PDF (57.94KB)
- Eberh120814 Partial Resp andAgreed datememo.pdf (72.94KB)
- Eberhardt 120814 Item 2 Documents.pdf (443.98KB)
- Eberhardt120814 Foia_001.pdf (293.68KB)

Tinley Park, Illinois - Photo-Enforcement Incidents Rejected for "Police Discretion" since 1/1/2010

| ✓ Incident Number | Detection Date and Time | ✓License Plate State | ✓License Plate No. | Registered Owner of Offending Vehicle |
|---|---|---|---|---|
| | 1/17/2010 2:34 | | | VILLAGE OF TINLEY PARK |
| | 4/2/2010 19:40 | | | TRACE AMBULANCE |
| | 4/5/2010 12:26 | | | VILLAGE OF CHICAGO RIDGE |
| | 4/25/2010 8:20 | | | No Registered Owner Provided |
| | 5/3/2010 11:15 | | | GOLDEN GOOSE TRANSFER INC |
| | 5/23/2010 11:41 | | | JENNIFER R TOMPULIS |
| | 7/1/2010 11:29 | | | THOMAS KLEVEN |
| | 9/6/2010 9:04 | | | TRACE AMBULANCE INC |
| | 9/14/2010 17:10 | | | T S EXPRESS LLC |
| | 9/30/2010 2:01 | | | VILLAGE OF TINLEY PARK |
| | 10/8/2010 14:44 | | | VILLAGE OF TINLEY PARK |
| | 11/18/2010 15:09 | | | No Registered Owner Provided |
| | 11/28/2010 10:39 | | | RUNIER ROWLAND |
| | 1/4/2011 5:41 | | | COOK COUNTY SHERIFFS DEPT |
| | 1/10/2011 15:41 | | | COUNTY OF COOK |
| | 1/22/2011 21:54 | | | COOK COUNTY SHERIFFS DEPT |
| | 4/9/2011 14:58 | | | KENNETH J SZAJERSKI |
| | 5/20/2011 9:05 | | | TRI STATE SERVICE CENTER INC |
| | 5/27/2011 19:09 | | | SCOTT P FULKERSON |
| | 6/18/2011 2:17 | | | COOK COUNTY SHERIFF DEPT |
| | 6/25/2011 2:34 | | | COOK COUNTY SHERIFF DEPT |
| | 7/15/2011 10:29 | | | RICHARD N DAVIS |
| | 7/28/2011 14:45 | | | COUNTY OF COOK |
| | 8/8/2011 14:12 | | | METRA |
| | 9/27/2011 22:58 | | | COOK COUNTY SHERIFFS DEPT |
| | 11/17/2011 11:50 | | | COOK COUNTY GOVERNMENT |
| | 12/10/2011 17:43 | | | DEPARTMENT OF CORRECTIONS |
| | 12/26/2011 16:28 | | | STEWART MCLEAN |
| | 12/27/2011 13:50 | | | DEBORAH A MCMAHON |
| | 1/1/2012 23:36 | | | SANGCHUN SUPANAVONGS |
| | 1/17/2012 11:35 | | | MICHAEL CHICKERILLO |
| | 1/17/2012 12:44 | | | KARI E BUISHAS |
| | 1/19/2012 17:08 | | | No Registered Owner Provided |
| | 1/22/2012 17:39 | | | TRACE AMBULANCE INC |
| | 2/2/2012 10:58 | | | VIKKI BREWER |
| | 2/4/2012 23:15 | | | KENNETH KING |
| | 2/5/2012 6:58 | | | GUADALUPE AGUIRRE |
| | 2/8/2012 12:25 | | | JAMES M HUDIK |
| | 2/9/2012 10:07 | | | MICHAEL A HILL |
| | 2/15/2012 21:14 | | | LYNN M LEONARD |
| | 2/21/2012 10:35 | | | MICHELLE CAFFARELLO |
| | 2/22/2012 12:47 | | | ARTHUR J WEIR |
| | 2/22/2012 17:38 | | | EAGLE EXPRESS LINES INC |

| Date | | Name |
|---|---|---|
| 2/25/2012 9:58 | | ROBERT J OSTROM |
| 2/26/2012 0:12 | | KENNETH KING |
| 2/26/2012 9:10 | | DAVID L BOSI |
| 2/29/2012 14:43 | | ORLAND FIRE PROTECTION DISTRICT |
| 7/2/2012 7:01 | | ALPHA CONSTRUCTION |
| 7/3/2012 21:27 | | BERNITHA TURMAN |
| 7/10/2012 10:47 | | HOWARD EDWIN KLETT |
| 7/18/2012 18:41 | | BETTENHAUSEN MOTOR SALES INC |
| 8/17/2012 8:16 | | WAYNE E CLACK |
| 8/17/2012 15:25 | | PRISCILLA L ADERHOLTZ |
| 8/18/2012 11:11 | | JAMES PORZIO |
| 8/20/2012 11:58 | | ROBERT DHANA |
| 8/20/2012 19:58 | | RONALD R GILL |
| 8/21/2012 6:45 | | MYRA MITCHELL |
| 8/21/2012 13:35 | | WILLIAM C LYNCH |
| 8/21/2012 18:50 | | DEBORAH SHEPHERD |
| 8/22/2012 11:10 | | JANICE L PARON |
| 8/23/2012 19:38 | | MICHELE L HUGHES |
| 8/25/2012 7:50 | | CHARLES V COLE |
| 8/25/2012 12:51 | | JOHN DENEEN |
| 8/26/2012 9:11 | | ROBERT R BREEN |
| 8/26/2012 9:37 | | ROBERT M CALDERALA |
| 8/26/2012 13:47 | | MARIE L POMONIS |
| 8/26/2012 15:24 | | KATIE CULLIGAN |
| 8/27/2012 13:08 | | KATHERINE M EWERS |
| 8/27/2012 13:18 | | IRON MOUNTAIN INFORMATION MGMT |
| 8/28/2012 14:35 | | JAY SWANSON |
| 8/28/2012 17:49 | | TANYA J HAGERMAN |
| 8/29/2012 10:07 | | VILLAGE OF TINLEY PARK |
| 8/30/2012 16:18 | | JUSTIN PAYMASTER |
| 8/30/2012 17:19 | | JOHN D VAN DONK |
| 8/31/2012 15:18 | | NICOLE M LAVERDURE |
| 8/31/2012 16:02 | | VEGAN K FLEMING |
| 9/1/2012 8:19 | | MICHELE L POSKONKA |
| 9/1/2012 23:26 | | SUSAN S LAWLER |
| 9/3/2012 18:20 | | SIREASA MARTIN |
| 9/4/2012 13:06 | | TRACIE K DEGROOT |
| 9/5/2012 16:31 | | DOROTHY J STELTER |
| 9/5/2012 14:37 | | JAMES KEATING |
| 9/6/2012 11:03 | | NATHAN C HAMMOND |
| 9/7/2012 14:07 | | VICTOR TOCWISH |
| 9/7/2012 17:23 | | EAN HOLDINGS LLC |
| 9/8/2012 7:45 | | NORINE L BERNDT |
| 9/8/2012 21:33 | | JOSEPH P MROCH |
| 9/9/2012 8:34 | | NANCY POECHER |

| Date/Time | | Name |
|---|---|---|
| 9/9/2012 8:39 | | SUSAN M LLOYD |
| 9/11/2012 16:56 | | ERALDO A ALOI |
| 9/11/2012 17:45 | | JENELL SISK |
| 9/11/2012 17:52 | | MARK BEDNARCZYK |
| 9/12/2012 15:22 | | CONSTANCE RING |
| 9/12/2012 22:50 | | ROBERT A MEDO |
| 9/13/2012 6:57 | | EDWARD P RITCHIE |
| 9/14/2012 11:45 | | RONALD J HOMA |
| 9/14/2012 15:11 | | PALMER A SELDGE |
| 9/14/2012 15:17 | | LAKEMA S HICKMAN |
| 9/14/2012 16:21 | | RANDAL KNOPP |
| 9/14/2012 18:31 | | MICHAEL VINCENT RUBINO |
| 9/14/2012 18:22 | | RICHARD J ONDRAS |
| 9/15/2012 11:45 | | JAMELLA J STOKES |
| 9/15/2012 16:10 | | PATRICK MC PARTLAND |
| 9/15/2012 16:49 | | DORIS M GORTER |
| 9/15/2012 18:36 | | CATHY J GRIESMEYER |
| 9/15/2012 21:00 | | MICHAEL DAVID JONES |
| 9/18/2012 14:58 | | JOE RIZZA FORD OF ORLAND PARK INC |
| 9/19/2012 12:44 | | JOSEPH M SMITH |
| 9/20/2012 12:51 | | LISA RUSSO |
| 9/20/2012 20:11 | | MOHUMMED AYYASH |
| 9/20/2012 21:26 | | ROBERT M NEYLON |
| 9/21/2012 7:55 | | DEBORAH WILLIAMS |
| 9/22/2012 12:28 | | MACAROLYN BROWN |
| 9/22/2012 12:51 | | SEAN CAMPBELL |
| 9/25/2012 18:32 | | LICHELLE J EVERLY |
| 9/28/2012 14:25 | | LYNDSEY G HARN |
| 9/28/2012 17:01 | | MICHAEL J BOGE |
| 9/28/2012 17:28 | | ALBERT ALVAREZ |
| 9/29/2012 9:43 | | MARK KAUFMAN |
| 9/29/2012 12:44 | | ALEXANDRIA BURNS |
| 9/29/2012 13:09 | | HELLIAN G WARD TYLER |
| 9/29/2012 14:18 | | LETEL CO |
| 9/29/2012 14:01 | | PV HOLDING CORP |
| 9/30/2012 13:47 | | DOMINGO CASAS |
| 10/11/2012 15:43 | | AMPARO MENDEZ |
| 10/12/2012 8:57 | | VILLAGE OF TINLEY PARK |
| 10/13/2012 11:05 | | CHRISTOPHER M GRZINCIC |
| 10/28/2012 3:35 | | TRACE AMBULANCE |
| 12/18/2012 21:30 | | BLACKHAWK MEDICAL TRANSPORTATION |
| 12/22/2012 17:09 | | DIANE HOEKSTRA MRAKOVICH |
| 12/23/2012 10:49 | | LAQUETTA P CHAPPLE |
| 12/27/2012 10:06 | | CRAIG J HIMES |
| 12/28/2012 13:19 | | CHELSEA M GUILLEN |

| Date | | Name |
|---|---|---|
| 1/4/2013 17:23 | | TORREY R JOHNSON |
| 1/6/2013 11:18 | | GARY VANDENBERG |
| 1/12/2013 13:04 | | JOHN G HORNER |
| 1/13/2013 2:45 | | NORA K AUSTIN |
| 1/18/2013 17:24 | | WILLIAM R MORAN |
| 1/19/2013 13:47 | | VILLAGE OF TINLEY PARK |
| 2/5/2013 1:50 | | PIETRO LORENZINI |
| 2/7/2013 11:13 | | COMMONWEALTH EDISON CO |
| 2/8/2013 13:27 | | ZIEMOWIT MAZUR |
| 2/18/2013 11:32 | | THOMAS J CESKA |
| 2/22/2013 5:42 | | JACOB D MAGANA |
| 2/23/2013 13:32 | | DARLENE D CYGAN |
| 2/26/2013 13:17 | | MICHAEL R HANNA |
| 3/1/2013 12:34 | | AUTO CHASE LLC |
| 3/2/2013 23:13 | | THE SALVATION ARMY |
| 3/3/2013 14:47 | | JOHN F GLATZ |
| 3/5/2013 9:21 | | CHARLES T HOLUP |
| 3/7/2013 14:28 | | CUONG NGUYEN |
| 3/8/2013 10:55 | | JAMES BLAZEK |
| 3/16/2013 16:22 | | JOHN M RUBINO |
| 3/19/2013 8:29 | | OTTO SMITH |
| 3/23/2013 15:48 | | KARA L SNIDER |
| 3/24/2013 10:48 | | ROBIN E CHRIST |
| 3/24/2013 12:14 | | MICHAEL F CORICH |
| 3/24/2013 14:28 | | MARY AUDETTE |
| 3/25/2013 15:46 | | DRAGON PALACE INC |
| 3/27/2013 15:03 | | GLENN GODSTED |
| 3/28/2013 17:25 | | JOSEPH ORENDORFF |
| 3/29/2013 5:39 | | WILLIAM P SCHAACK |
| 3/29/2013 17:06 | | RICHARD S COSICH |
| 3/30/2013 17:56 | | KRISTIN M JOHNSON |
| 4/3/2013 14:00 | | TAMARA LAISE |
| 4/5/2013 11:58 | | JESSE R FARLEY |
| 4/6/2013 12:43 | | LINDA M SIEGLER |
| 4/6/2013 16:11 | | MONIQUE WATLEY |
| 4/7/2013 11:20 | | SCOTT H ALLERS |
| 4/7/2013 13:42 | | JOHN LOGSDON |
| 4/11/2013 14:07 | | VEHICLE SPECIALTIES INC |
| 4/12/2013 10:53 | | INSEL TEZCAN |
| 4/15/2013 14:10 | | LOVIE THOMAS |
| 4/17/2013 15:20 | | VERONICA SCHMIDT |
| 4/17/2013 21:42 | | TIMOTHY J MCDONALD |
| 4/18/2013 19:09 | | WILLIAM J HOPMAN |
| 4/19/2013 15:38 | | ANA P LAZALA |
| 4/20/2013 10:01 | | ERIC N BEHRENS |
| 4/20/2013 14:10 | | HENRY T STRICKLAND |
| 4/25/2013 17:51 | | WARREN SHAFER |

| Date/Time | | Name |
|---|---|---|
| 4/27/2013 11:33 | | EAN HOLDINGS LLC |
| 4/28/2013 12:46 | | PATRICIA A DUNN |
| 4/28/2013 13:31 | | LEE A PEETE |
| 4/29/2013 23:00 | | JONATHAN W POPP |
| 5/4/2013 14:28 | | LILLIANS WILLIAMS |
| 5/4/2013 14:56 | | SONIA JOHNSON |
| 5/5/2013 11:16 | | DEBORAH A MCMAHON |
| 5/7/2013 9:10 | | JEFFREY A DEKKER |
| 5/9/2013 11:57 | | JAMES GUERINO |
| 5/11/2013 13:32 | | PATRICIA MANNIX |
| 5/13/2013 14:42 | | JONATHON W MYSIEWICZ |
| 5/21/2013 12:27 | | APRIL JOHNSON |
| 5/23/2013 7:52 | | STACY M TOKARZ |
| 5/24/2013 14:16 | | THOMAS HAGGERTY |
| 5/25/2013 12:36 | | WILLIAM A MCDOWELL |
| 5/25/2013 13:14 | | EDWARD C JONGSMA |
| 5/29/2013 16:13 | | PV HOLDING CORP |
| 5/30/2013 8:41 | | WAYNE KRANZ |
| 6/1/2013 14:28 | | TREVOR OLSEN |
| 6/2/2013 14:45 | | JOYCE M SCHUMACHER |
| 6/3/2013 10:52 | | WILLIAM MORAN |
| 6/4/2013 7:32 | | LILLIAN FISHER |
| 6/5/2013 16:40 | | RICHARD B WATTERS |
| 6/6/2013 9:17 | | RICHARD P SANTIAGO |
| 6/6/2013 13:46 | | JAMES P WHITE |
| 6/7/2013 13:47 | | ANTHONY BRUNO |
| 6/7/2013 15:16 | | CITY OF PALOS HILLS |
| 6/8/2013 12:18 | | FRANK J GAMAUF |
| 6/8/2013 14:13 | | CHRISTINE J BURKE YAZUMBEK |
| 6/8/2013 16:29 | | CLARENCE E JOHNSON |
| 6/9/2013 13:39 | | MOHAMMED O ALQULAGHASSI |
| 6/10/2013 10:34 | | J A VENTRESS |
| 6/10/2013 6:21 | | ALAN E SCHELLHORN |
| 6/12/2013 12:03 | | JOSEPH R GALLEGOS |
| 6/13/2013 13:55 | | CAROL A TAYLOR |
| 6/13/2013 16:05 | | HENRY SCHMALL |
| 6/14/2013 12:32 | | GREGORY J KURINEC |
| 6/15/2013 11:37 | | NICK L GIAQUINTO |
| 6/15/2013 17:52 | | RAQUEL RODRIGUEZ |
| 6/15/2013 16:04 | | FRANKIE PAYNE |
| 6/16/2013 10:48 | | ROBERT E DOODY |
| 6/17/2013 14:38 | | DAVID M CAMBALIK |
| 6/20/2013 14:03 | | FRED DANIEL |
| 6/22/2013 15:20 | | CARLOS TOVAR |
| 6/22/2013 15:13 | | LIANA S SHAPIRO |
| 6/23/2013 14:10 | | RAPHAEL MOSBY |
| 6/24/2013 14:52 | | GARY TOGTMAN |

| Date | | Name |
|---|---|---|
| 6/24/2013 15:45 | | ROBYN L COLEMAN |
| 6/26/2013 13:56 | | ANNIE MESSINA |
| 6/27/2013 14:49 | | CAROL THOMPSON |
| 9/6/2013 15:12 | | SUPERIOR ROAD STRIPING INC |
| 4/3/2014 11:46 | | JOSHUA FLETCHER |
| 4/3/2014 11:50 | | RAYMOND A LEERAR |
| 4/10/2014 11:15 | | BRIAN F ATCHISON |
| 7/14/2014 11:22 | | TRI STATE SERVICE CENTER INC |
| 7/29/2014 12:55 | | RODNEY J MARTIS |
| 8/15/2014 13:22 | | VIRGIL K SHUMAN |
| 10/24/2014 12:59 | | KIP A BUCEK |
| 10/26/2014 15:22 | | PATRICIA E WESTON |
| 11/19/2014 10:20 | | DEBRA A BERRYHILL |
| 11/26/2014 11:17 | | TINA M BLOGG |
| 11/26/2014 14:20 | | BRUCE W MCNEAL |
| 12/3/2014 9:16 | | WILLIAM D WILSON |

**EXHIBIT D**

4/5/10   12:26 P.M.

2005 DODGE CARAVAN —

VILLAGE OF CHICAGO RIDGE

RAN REDLIGHT NORTH Bound HARLEM AT 159th

72 MPH

unmarked
Station

DISMISSED 4/12/10
SILVER CARAVAN

**EXHIBIT E**



# Tinley Park
ILLINOIS

**Village President**
Edward J. Zabrocki

**Village Clerk**
Patrick E. Rea

**Village Trustees**
David G. Seaman
Gregory J. Hannon
Michael H. Bettenhausen
Brian S. Maher
Thomas J. Staunton, Jr.
Patricia A. Leoni

**Village Hall**
16250 S. Oak Park Ave.
Tinley Park, IL 60477

**Administration**
(708) 444-5000
Fax: (708) 444-5099

**Building & Planning**
(708) 444-5100
Fax: (708) 444-5199

**Public Works**
(708) 444-5500

**Police Department**
7850 W. 183rd St.
Tinley Park, IL 60477
(708) 444-5300/Non-emergency
Fax: (708) 444-5399

**John T. Dunn**
Public Safety Building
17355 S. 68th Court
Tinley Park, IL 60477

**Fire Department &
Prevention**
(708) 444-5200/Non-emergency
Fax: (708) 444-5299

**EMA**
(708) 444-5600
Fax: (708) 444-5699

**Senior
Community Center**
(708) 444-5150

www.tinleypark.org

January 26, 2011

Fleet Supervisor
Cook County Sheriff's Department
118 N. Clark St.
Unit # 1018
Chicago, IL. 60602

Sir:

The Tinley Park Police Department has documented the following squad car belonging to the Sheriff's Department proceeding through a red light in our community. This incident was captured by our red light camera in our community. The violation was not approved for a fine to be assessed, but we are compelled to notify your agency of the violation.

| Date | Time | Location | License Plate Unit # |
|------|------|----------|----------------------|
| 1/22/2011 | 2154 | 183RD + Harlem | |

1/22/2011    2154    183RD + Harlem

If you would like the violation approved and processed, contact our PD and we will process the violation. Thank you for your attention to this matter.

Michael J. O'Connell
Chief of Police

*No Response - Return 2-10-11 1300*



EXHIBIT F

**Arthur Pierce**

| | |
|---|---|
| **From:** | Pamela Yurko <pyurko@tinleypark.org> |
| **Sent:** | Friday, October 05, 2012 5:36 AM |
| **To:** | Ken Karczewski |
| **Subject:** | Red Light |

Ken,

Good Morning... I may have triggered the camera at Harlem turning west on 183rd Street on my way into work on Thursday, October 4th approximately 2355 hours.
If you see a dark maroon Dodge plate        that would be me.

Thanks,
Pam
lStyle17 {font-family:Arial; color:windowtext;} @page Section1 {size:8.5in 11.0in; margin:1.0in 1.25in 1.0in 1.25in;} div.Section1 {page:Section1;} -->

**EXHIBIT G**

Tinley Park Police Department
Photo Enforcement Program
P.O. Box 42034
Phoenix, AZ 85080

**IF YOU WANT TO PAY THE CIVIL PENALTY**, make sure
this address appears in the window of the enclosed

TINLEY PARK PHOTO ENFORCEMENT
PROGRAM PAYMENT CENTER
PO BOX 76983
CLEVELAND OH 44101-6500

GLAUDIA ~~~~~

## Notice of Traffic Violation

— Tear Here — — Tear Here — — Tear Here —

— Tear Here —

**TO RETURN THE AFFIDAVIT**, make sure this address
appears in the window of the enclosed envelope.

Tinley Park Photo Enforcement
Customer Service Center
P.O. Box 42034
Phoenix, AZ 85080

— Tear Here — — Tear Here — — Tear Here —

— Tear Here —

**TO REQUEST A HEARING**, make sure this address
appears in the window of the enclosed envelope.

Tinley Park Police Department
Red light Photo Enforcement Program
7850 183rd St.
Tinley Park, IL 60477

# TINLEY PARK, ILLINOIS
## RED LIGHT PHOTO
## ENFORCEMENT PROGRAM
## NOTICE OF VIOLATION



### NOTICE NUMBER:    TNP12003182

Tinley Park has a red light photo enforcement program in effect to reduce the number of red light running violations. As you can see from the photos to the right, a vehicle registered in your name and described below violated the red light traffic control device.

| DATE OF VIOLATION | TIME OF VIOLATION |
|---|---|
| March 18, 2012 | 12:11PM |

NAME (FIRST, MIDDLE, LAST)
CLAUDIA ▓▓▓▓▓

ADDRESS (STREET, APT #)
▓▓▓▓▓▓▓▓▓▓

| CITY | STATE | ZIP |
|---|---|---|
| ▓▓▓▓ | ▓▓▓ | ▓▓▓▓ |

| VEH. LIC.NO | VEH. STATE | VEH. YEAR |
|---|---|---|
| ▓▓▓▓ | IL | 1998 |

| VEH. MAKE | VEH. BODY | REG. YEAR |
|---|---|---|
| ▓▓▓▓ | ▓▓▓▓ | |

| PENALTY AMOUNT | ORDINANCE | DESCRIPTION |
|---|---|---|
| $100.00 | No. 2006-O-011 | Disobeyed A Traffic Control Device |

LOCATION OF VIOLATION
IL Rte 43 (Harlem Ave) and 159th St (NB)

YOU MUST RESPOND TO THIS NOTICE ON OR BEFORE:
DATE    April 16, 2012

REGISTERED OWNER (FIRST, MIDDLE, LAST)
CLAUDIA ▓▓▓▓▓

ADDRESS (STREET, APT #)
▓▓▓▓▓▓▓▓▓

| CITY | STATE | ZIP CODE |
|---|---|---|
| ▓▓▓▓ | | |

PLEASE NOTE THAT RECORDED IMAGES CONSTITUTE PRIMA FACIE EVIDENCE OF A VIOLATION OF THE NO. 2006-O-011.

BASED UPON MY REVIEW AND INSPECTION OF THE RECORDED IMAGES, I STATE THAT A VIOLATION OF NO. 2006-O-011 DID OCCUR.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF ILLINOIS THE FOREGOING IS TRUE AND CORRECT.

*H. Hargrowski*

| Mar 22, 2012 | | 678 |
|---|---|---|
| DATE ISSUED | TINLEY PARK POLICE OFFICER | BADGE NO. |

Note: As the registered owner of the vehicle described in this Notice, you are responsible for paying this civil penalty by April 16, 2012. Failure to respond to this notice will result in an additional $25.00 late payment penalty.



# EXHIBIT H



[CITY/VILLAGE] OF _____
_____ COUNTY, ILLINOIS

ORDINANCE NO. ____

AN ORDINANCE PROVIDING FOR AUTOMATED TRAFFIC LAW ENFORCEMENT
SYSTEMS AND FOR ADMINISTRATIVE ADJUDICATION
OF AUTOMATED TRAFFIC LAW VIOLATIONS
IN THE [CITY/VILLAGE] OF _____
AND AUTHORIZING THE [CITY/VILLAGE] TO ENTER INTO
AGREEMENTS CONCERNING THE ENFORCEMENT
SYSTEMS AND SERVICES RELATED THERETO

ADOPTED BY THE
[MAYOR/PRESIDENT] AND THE [CITY COUNCIL/BOARD OF TRUSTEES]
OF THE
[CITY/VILLAGE] OF _____

THIS ____ DAY OF _____, 2006

Published by authority of the
[Mayor/President] and [City
Council/Board of Trustees] of the
[City/Village] of _____, _____
County, Illinois this ____ day of
_____, 2006.

1681049.3

[CITY/VILLAGE] OF _____
_____ COUNTY, ILLINOIS

ORDINANCE NO. _____

AN ORDINANCE PROVIDING FOR AUTOMATED TRAFFIC LAW ENFORCEMENT
SYSTEMS AND FOR ADMINISTRATIVE ADJUDICATION
OF AUTOMATED TRAFFIC LAW VIOLATIONS
IN THE [CITY/VILLAGE] OF _____
AND AUTHORIZING THE [CITY/VILLAGE] TO ENTER INTO
AGREEMENTS CONCERNING THE ENFORCEMENT
SYSTEMS AND SERVICES RELATED THERETO

WHEREAS, pursuant to the Illinois Vehicle Code, as recently amended by Public Act 94-0795, municipalities in the counties of Cook, DuPage, Kane, Lake, Madison, McHenry, St. Clair and Will are authorized to provide by ordinance for "automated traffic law enforcement systems," as that term is defined in Section 11-208.6 of the Vehicle Code; and

WHEREAS, establishing automated traffic law enforcement systems at specified intersections in the [City/Village] at which traffic is controlled by signals exhibiting different colored lights or color lighted arrows will benefit the public health, safety and welfare by deterring drivers from entering those intersections in violation of red light signals, thereby decreasing the potential for personal injury and property damage due to vehicle collisions caused by red light violations; and

WHEREAS, it is therefore in the best interests of the [City/Village] to establish automated traffic law enforcement systems and to provide for administrative adjudication of automated traffic law violations as specified in this Ordinance;

NOW, THEREFORE, BE IT ORDAINED by the [Mayor/President] and [City Council/Board of Trustees] of the [City/Village] of _____, _____ County, Illinois, as follows:

SECTION 1: The statements set forth in the preamble to this Ordinance are found to be true and correct and are incorporated into this Ordinance as if set forth in full.

SECTION 2: As used in this Ordinance, words or terms shall have the following meanings unless the context or usage clearly indicates that another meaning is intended:

    (a)    "Administrator" means the [City/Village's] Traffic Control Administrator.

    (b)    "Automated Traffic Law Violation" means a violation described in Section 11-208.6 of the Code.

    (c)    "Automated Traffic Law Enforcement System" means a device with one (1) or more motor vehicle sensors working in conjunction with a red light signal to produce Recorded Images of motor vehicles entering an intersection against a red

1

light signal in violation of Section 11-306 of the Code or a similar provision of a [City/Village] ordinance.

(d)    "Certified Report" means a report concerning five (5) or more unpaid fines or penalties for Automated Traffic Law Violations made by the [City/Village] to the Secretary in accordance with Section 6-306.5 of the Code.

(e)    "City[/Village]" means the [City/Village] of _____, _____ County, Illinois.

(f)    "Code" means the Illinois Vehicle Code, 625 ILCS 5/1-100, *et seq.*

(g)    "Determination Notice" means a notice of final determination of Automated Traffic Law Violation liability issued pursuant to Section 11-208.3 of the Code and pursuant to the provisions of this Ordinance.

(h)    "Recorded Images" means images showing the time, date and location of an Automated Traffic Law Violation recorded by an Automated Traffic Law Enforcement System on: (i) two (2) or more photographs, (ii) two (2) or more microphotographs, (iii) two (2) or more electronic images or (iv) a video recording showing the motor vehicle and, on at least one (1) image or portion of the recording, clearly identifying the registration plate number of the motor vehicle.

(i)    "Secretary" means the Illinois Secretary of State.

(j)    "Suspension Notice" means a notice of impending driver's license suspension issued pursuant to Section 11-208.3 of the Code and pursuant to the provisions of this Ordinance.

(k)    "System" means, individually, an Automated Traffic Law Enforcement System or, collectively, Automated Traffic Law Enforcement Systems established in the [City/Village] pursuant to this Ordinance.

(l)    "Violation Notice" means an Automated Traffic Law Violation notice issued pursuant to Sections 11-208.3 and 11-208.6 of the Code and pursuant to the provisions of this Ordinance.

SECTION 3: The [City/Village] hereby determines to establish Systems at the following intersections located within the corporate limits of the [City/Village]:

[List Intersections]

SECTION 4: The [City/Village] is authorized to enter into agreements, substantially in the forms attached hereto as Group Exhibit A and incorporated herein by reference (collectively, the "Agreements"), with Redflex Traffic Systems, Inc. ("Redflex") for the design and implementation of the System(s) and for services related to the System(s). The Agreements shall be subject to final modification by the attorneys for the [City/Village] and Redflex. The [Mayor/Village President] is hereby authorized and directed to execute the Agreements, once

finalized, thereby binding the [City/Village] to their terms. The [City/Village] Clerk is authorized and directed to attest to the [Mayor/Village President's] signature, as necessary.

SECTION 5: There is hereby established the office of Administrator, which shall be filled by appointment of the [Mayor/Village President]. The Administrator or his designee shall be authorized to adopt, distribute and process Violation Notices and other notices required by Section 11-208.3 of the Code, collect money paid as fines and penalties for Automated Traffic Law Violations and operate an administrative adjudication system for Automated Traffic Law Violations. The Administrator is also authorized to make a Certified Report to the Secretary pursuant to Section 6-306.5 of the Code, and any such Certified Report shall contain the information required under Section 6-306.5(c) of the Code.

SECTION 6: A Violation Notice, the contents of which shall comply with the requirements of Sections 11-208.3 and 11-208.6 of the Code, as amended, shall be served by mail to the address of the registered owner of a vehicle cited for an Automated Traffic Law Violation as recorded with the Secretary within thirty (30) days after the Secretary notifies the [City/Village] of the identity of the owner of the vehicle, but in no event later than ninety (90) days after the violation. Service of a Violation Notice shall be deemed complete as of the date of deposit in the United States mail. The original or a facsimile of a Violation Notice or, in the case of a Violation Notice produced by a computerized device, a printed record generated by the device showing the facts entered on the Violation Notice, shall be retained by the Administrator, and shall be a record kept in the ordinary course of business. A Violation Notice issued, signed and served in accordance with this Ordinance and Section 11-208.3 of the Code, a copy of the Violation Notice or the computer generated record shall be prima facie correct and shall be prima facie evidence of the correctness of the facts shown on the Violation Notice. The Violation Notice, copy or computer generated record shall be admissible in any subsequent administrative or legal proceedings.

SECTION 7: Before a citation may be issued for any Automated Traffic Law Violation, a determination must be made by a technician employed or contracted by the [City/Village] that, based on inspection of Recorded Images generated by the System, the motor vehicle was being operated in violation of Section 11-208.6 of the Code or an ordinance of the [City/Village]. If the technician determines that the vehicle entered the intersection as part of a funeral procession or in order to yield the right-of-way to an emergency vehicle, a citation shall not be issued.

SECTION 8: The registered owner of the vehicle cited in a Violation Notice shall have the opportunity for a hearing in which said owner may contest the merits of the alleged violation. The lessee of a vehicle cited in a Violation Notice likewise shall be afforded the opportunity for a hearing of the same kind afforded the registered owner. The formal or technical rules of evidence shall not apply at any such hearing. Such hearings shall be recorded, and the person conducting the hearing on behalf of the Administrator shall be empowered to administer oaths and to secure by subpoena both the attendance and testimony of witnesses and the production of relevant books and papers. Persons appearing at such a hearing may be represented by counsel at their own expense.

SECTION 9: A final determination of Automated Traffic Law Violation liability shall occur following failure to pay the fine or penalty after a hearing officer's determination of violation liability. Where a person fails to appear at a hearing to contest the alleged violation in

the time and manner specified in a prior mailed notice, the hearing officer's determination of violation liability shall become final: (a) upon denial of a timely petition to set aside that determination, or (b) upon expiration of the period for filing such a petition without a filing having been made.

SECTION 10:   A Determination Notice, the contents of which shall comply with the requirements of Section 11-208.3 of the Code, as amended, shall be sent following a final determination of Automated Traffic Law Violation liability and the conclusion of judicial review procedures taken under Section 11-208.3 of the Code. A Determination Notice shall be sent by first class United States mail, postage prepaid, to the address of the registered owner of the cited vehicle as recorded with the Secretary or, if any notice to that address is returned as undeliverable, to the last known address recorded in a United States Post Office approved database or, under Section 11-1306 of the Code, to the lessee of the cited vehicle at the last address known to the lessor of the cited vehicle at the time of the lease or, if any notice to that address is returned as undeliverable, to the last known address recorded in a United States Post Office database. Service of the Determination Notice shall be deemed complete as of the date of deposit in the United States Mail.

SECTION 11:   A person owing an unpaid fine or penalty for Automated Traffic Law Violation penalty may file a petition to set aside a final determination of such liability within ten (10) days after service by the [City/Village] of a Determination Notice. Such a petition shall be filed by sending the same, together with any documentation in support thereof, to the Administrator by certified mail, return receipt requested, or by personal delivery to the Administrator. The grounds for such a petition shall be limited to: (a) the person not having been the owner or lessee of the cited vehicle on the date the Violation Notice was issued, (b) the person having already paid the fine or penalty for the violation in question, and (c) excusable failure to appear at or request a new date for a hearing. A hearing on such a petition shall be held within thirty (30) days after the filing of same. In the event that such a petition is granted upon a showing of just cause, and the subject determination of Automated Traffic Law Violation liability is thereby set aside, the registered owner shall be provided with a hearing on the merits for that violation.

SECTION 12:   A Suspension Notice, the contents of which shall comply with the requirements of Sections 6-306.5 and 11-208.3 of the Code, as amended, shall be sent to the person liable for any fine or penalty that remains due and owing on five (5) or more unpaid Automated Traffic Law Violations. The Suspension Notice shall be sent by first class United States mail, postage prepaid, to the address recorded with the Secretary or, if any notice to that address is returned as undeliverable, to the last known address recorded in a United States Post Office approved database. Service of a Suspension Notice shall be deemed complete as of the date of deposit in the United States mail.

SECTION 13:   If the Administrator provides a Suspension Notice to a vehicle owner and subsequently makes a Certified Report to the Secretary, the subject vehicle owner may challenge the accuracy of the Certified Report in writing. To do so, the vehicle owner must submit to the Administrator a written statement under oath, together with any supporting documentation, establishing one of the following grounds for challenging the accuracy of the Certified Report: (1) that the person was not the owner or lessee of the subject vehicle or vehicles receiving five (5) or more Automated Traffic Law Violations on the date or dates such

Violation Notices were issued, or (2) that the person already paid the fines or penalties for the five (5) or more Automated Traffic Law Violations indicated on the Certified Report. Such statement and supporting documentation must be sent to the Administrator by certified mail, return receipt requested, or hand-delivered to the Administrator within five (5) days after the person receives notice from the Secretary that that the person's driver's license will be suspended at the end of a specified period of time unless the Secretary is presented with a notice from the [City/Village] certifying that the fines or penalties due and owing have been paid or that the inclusion of the person's name on the Certified Report was in error.

SECTION 14: Non-residents of the [City/Village] who receive Violation Notices may contest the merits of the alleged Automated Traffic Law Violation without attending a hearing by sending a signed statement, under oath, together with any supporting documentation, to the Administrator via certified mail, return receipt requested, within ten (10) days after service of the Violation Notice. Such a statement shall set forth the reasons why a finding of liability should not be entered. The Administrator shall rule on such a statement within ten (10) days after receipt of same, and shall inform the non-resident of his decision within ten (10) days thereafter.

SECTION 15: Unless the driver of the motor vehicle cited for an Automated Traffic Law Violation received a Uniform Traffic Citation from a police officer at the time of the violation, the owner of the motor vehicle is subject to a penalty of one hundred dollars ($100) per violation. In the event that such penalty is not paid within fourteen (14) days after service of a Violation Notice, the penalty shall increase to two hundred dollars ($200).

SECTION 16: (This section intentionally left blank.)

SECTION 17:      This Ordinance shall be in full force and effect from and after the date of its passage, approval and publication as provided by law.  If any portion of this Ordinance is held to be invalid, then that portion shall be stricken from this Ordinance and the remaining portions of this Ordinance shall continue in full force and effect to the extent possible.

AYES: _____

NAYS: _____

ABSENT: _____

PASSED AND APPROVED THIS ____ DAY OF _____, 2006

_____
The Honorable _____
[Mayor/President]

Attest:

_____
The Honorable _____
Clerk

# EXHIBIT A

**Agreement with Redflex Traffic Systems, Inc.**

STATE OF ILLINOIS )
) SS.
COUNTY OF _____ )

## CERTIFICATE

I, the undersigned, certify that I am the duly qualified and acting [City/Village] Clerk of the

[City/Village] of _____, _____ County, Illinois ( the "[City/Village]"), and as such, I

am the keeper of the records and files of the [City/Village] and its [Mayor/President] and [City

Council/Board of Trustees]. I further certify as follows:

Attached to this Certificate is a true, correct and complete copy of [City/Village] of

_____ Ordinance No. _____, entitled:

**AN ORDINANCE PROVIDING FOR AUTOMATED TRAFFIC LAW ENFORCEMENT
SYSTEMS AND FOR ADMINISTRATIVE ADJUDICATION
OF AUTOMATED TRAFFIC LAW VIOLATIONS
IN THE [CITY/VILLAGE] OF _____
AND AUTHORIZING THE [CITY/VILLAGE] TO ENTER INTO
AGREEMENTS CONCERNING THE ENFORCEMENT
SYSTEMS AND SERVICES RELATED THERETO**

This Ordinance was passed and approved by the [City/Village's] [Mayor/President] and

[City Council/Board of Trustees] on _____, 2006. A true, correct and complete copy of this

Ordinance was published in pamphlet form on _____, 2006.

Given under my hand and official seal at the [City/Village] of _____, _____

County, Illinois, this _____ day of _____, 2006.

_____

The Honorable _____
[City/Village] Clerk

(SEAL)

1681049.2

**EXHIBIT I**

# VIOLATION PROCESSING SERVICE AGREEMENT

This Violation Processing Service Agreement (the "Service Agreement") is made as of this ___ day of (insert month), 200_ by and between Redflex Traffic Systems, Inc. with offices at 15020 N. 74th Street, Scottsdale, Arizona 85260 ("Redflex"), and the [City/Village] of (insert name), an Illinois municipal corporation, with offices at (insert address) (the "Customer"). (Redflex and the Customer are from time to time referred to as a "Party" and collectively referred to as the "Parties.")

## RECITALS

WHEREAS, Redflex and the Customer have entered into that certain "Agreement Between the [City/Village] of (insert name) and Redflex Traffic Systems, Inc. for Photo Red Light Enforcement Program" dated [date] (the "Program Agreement"), a copy of which is attached hereto as Exhibit A; and

WHEREAS, the Customer has requested this Service Agreement to ensure that Violations, as defined herein, are processed efficiently and with minimal administrative burden on the Customer's resources and personnel; and

WHEREAS, on [date], the Corporate Authorities of the Customer adopted Ordinance No. ___ (Ordinance), which authorized the Customer's entry into this Service Agreement; and

WHEREAS, this Service Agreement is entered into separately from and independently of the Program Agreement;

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. <u>RECITALS</u>. The Recitals contained in this Service Agreement and in the Program Agreement attached hereto as Exhibit A are incorporated herein by reference as if set forth in full.

2. <u>DEFINITIONS</u>. The definitions set forth in Section 1 of the Program Agreement attached hereto as Exhibit A are incorporated herein by reference as if set forth in full. As used in this Service Agreement, "Transaction" means, cumulatively, all correspondence sent by Redflex to the registered owner (or lessee, where applicable) of a vehicle resulting from a single Violation.

3. <u>VIOLATION PROCESSING</u>. During the Operational Period, Violations shall be processed as follows:

   3.1.1. All Violations Data shall be stored on the Redflex Photo Red Light System.

3.1.2. The Redflex Photo Red Light System shall process Violations Data gathered from the Designated Intersection Approaches into a format capable of review by the Authorized Officer via the Redflex Photo Red Light System.

3.1.3. Redflex will apply violator name and address details to Citations according to the information supplied by the Secretary of State.

3.1.4. The Redflex Photo Red Light System shall be accessible by the Authorized Officer through a virtual private network in encrypted format by use of a confidential password on any computer equipped with a high-speed internet connection and a web browser.

3.1.5. Redflex shall provide the Authorized Officer with access to the Redflex Photo Red Light System for the purposes of reviewing the pre-processed Violations Data within seven (7) days of the gathering of the Violation Data from the applicable Designated Intersection Approaches.

3.1.6. The Customer shall cause the Authorized Officer to review the Violations Data and to determine whether a Citation shall be issued with respect to each Potential Violation captured within such Violation Data, and transmit each such determination in the form of an Electronic Signature to Redflex using the software or other applications or procedures provided by Redflex on the Redflex Photo Red Light System for such purpose, and REDFLEX HEREBY ACKNOWLEDGES AND AGREES THAT THE DECISION TO ISSUE A CITATION SHALL BE THE SOLE, UNILATERAL AND EXCLUSIVE DECISION OF THE AUTHORIZED OFFICER AND SHALL BE MADE IN SUCH AUTHORIZED OFFICER'S SOLE DISCRETION (A "CITATION DECISION"), AND IN NO EVENT SHALL REDFLEX HAVE THE ABILITY OR AUTHORIZATION TO MAKE A CITATION DECISION.

3.1.7. With respect to each Authorized Violation, Redflex shall print and mail a Citation within six (6) days after Redflex' receipt of such authorization.

3.1.8. The following information will be included on all Citations:

   a. Registered owner's name and address;

   b. Copies of the recorded images depicting the Violation;

   c. A statement that the recorded images are evidence of a red light violation;

   d. License plate of vehicle;

   e. Violation description;

   f. Date, time and location of Violation;

g. Vehicle make (if readily discernable);

h. Information regarding the availability of a hearing to contest the Violation on its merits, specifying the time and manner that such a hearing may be had;

i. The fine imposed, the date of required payment and penalty assessed for late payment;

j. A warning that a failure to pay the penalty imposed, or to timely contest it, is an admission of liability and may result in suspension of the owner's driving privileges;

k. A statement that the owner may proceed by paying the fine or challenging the fine in court, by mail (if a non-resident) or by administrative hearing; and

l. A statement that payment of the fine and any applicable late payment penalty shall dispose of the Violation with finality.

3.1.9. Redlfex will obtain approval from the Customer on the form of Citation to be used.

3.1.10. Redflex shall provide a toll-free telephone number for the purposes of answering citizen inquiries. English and Spanish speaking operators will be available.

3.1.11. Redflex will provide a full turn key lock box banking service. Redflex will contract with an FDIC member bank for the provision of lockbox services incorporating the collection and banking of fine payments by means of check, money order or credit card transaction. Redflex will provide a full monthly accounting of fine receipts and associated transactions to the Customer and remit fine proceeds to the Customer by check or Automated Clearing House transaction no later than the 15th day following each month end.

3.1.12. Redflex will provide a secure website (Photonotice.com) offering violators the ability to view still and video images of their violation and an online credit card payment facility. Redflex reserves the right to charge the violator a modest convenience fee for the use of this payment facility.

3.1.13. Redflex will mail up to three (3) additional notices of delinquent payments, partial payments and other additional notices as required on each Transaction in accordance with the Illinois Vehicle Code and Ordinance.

3.1.14. Redflex will provide the Customer with hearing evidence packs where required and will respond within fourteen (14) days to such a request

3.1.15. Redflex will, at the request of the Customer, establish a file transfer process with the appropriate court or other Customer departments as the Customer requires.

3.1.16. Redflex shall permit the Authorized Officer to generate monthly reports using the Redflex Standard Report System.

3.1.17. Upon Redflex's receipt of a written request from the Customer and in addition to the Standard Reports, Redflex shall provide, without cost to the Customer, reports regarding the processing and issuance of Citations in such format and for such periods as the Customer may reasonably request; provided, however, Redflex shall not be obligated to provide in excess of six (6) such reports in any given twelve (12) month period without cost to the Customer.

3.1.18. Upon the Customer's receipt of a written request from Redflex, the Customer shall provide, without cost to Redflex, reports regarding the prosecution of Citations and the collection of fines, fees and other monies in respect thereof in such format and for such periods as Redflex may reasonably request; provided, however, the Customer shall not be obligated to provide in excess of six (6) such reports in any given twelve (12) month period without cost to Redflex.

3.1.19. During the six (6) month period following the Installation Date and/or upon Redflex's receipt of a written request from the Customer at least fourteen (14) calendar days in advance of court proceeding, Redflex shall provide expert witnesses for use by the Customer in prosecuting Violations; provided, however, the Customer shall use reasonable best efforts to seek judicial notice in lieu of requiring Redflex to provide such expert witnesses.

3.1.20. During the three (3) month period following the Installation Date, Redflex shall provide such training to police personnel as shall be reasonably necessary in order to allow such personnel to act as expert witnesses on behalf of the Customer with respect to the Photo Red Light Enforcement Program.

4. PROSECUTION AND COLLECTION; COMPENSATION. The Customer shall diligently prosecute Citations and the collection of all fines and penalties in respect thereof, and Redflex shall have the right to receive, and the Customer shall be obligated to pay, the compensation set forth on Exhibit B attached hereto.

5. INCORPORATION OF OTHER TERMS. Sections 2, 4, 5, 6, 7, 8, 9, 10 and 11 of the Program Agreement attached hereto as Exhibit A are incorporated herein by reference as if set forth in full.

6. PROCEDURES UPON TERMINATION. Upon termination of this Service Agreement, Redflex shall promptly deliver to the Customer a final report regarding the issuance of Citations, promptly deliver to the Customer a final invoice stating all fees and charges properly owed by the Customer to Redflex for Citations issued prior to the termination, and provide such assistance as the Customer may reasonably request from

time to time in connection with prosecuting and enforcing Citations issued prior to the termination of the Service Agreement. The Customer shall promptly pay and all fees, charges and amounts properly owed by the Customer to Redflex for Citations issued by Redflex prior to the termination.

IN WITNESS WHEREOF, the Parties hereto have executed this Service Agreement as of the day and year first set forth above.

"Customer"                                      "Redflex"

[CITY/VILLAGE] OF (insert name)                 REDFLEX TRAFFIC SYSTEMS, INC.,

By: _____                     By: _____
                                                Name:
                                                Title:

APPROVED AS TO CONTENT:

By: _____

EXHIBIT J

<u>VIOLATION PROCESSING SERVICE AGREEMENT</u>

This Violation Processing Service Agreement (the "Service Agreement") is made as of this _2nd_ day of _April_, 2008 by and between Redflex Traffic Systems, Inc. with offices at 15020 N. 74th Street, Scottsdale, Arizona 85260 ("Redflex"), and the Village of Tinley Park, an Illinois municipal corporation, with offices at 16250 South Oak Park Avenue, Illinois 60477 (the "Customer"). (Redflex and the Customer are from time to time referred to as a "Party" and collectively referred to as the "Parties.")

## RECITALS

WHEREAS, Redflex and the Customer have entered into that certain "Agreement Between the Village of Tinley Park, Illinois, and Redflex Traffic Systems, Inc. for Photo Red Light Enforcement Program" dated _4-2-08_ (the "Program Agreement"), a copy of which is attached hereto as Exhibit A and incorporated herein by reference; and

WHEREAS, the Customer has requested this Service Agreement to ensure that Violations, as defined herein, are processed efficiently and with minimal administrative burden on the Customer's resources and personnel; and

WHEREAS, on _3-18-08_, the Corporate Authorities of the Customer adopted Ordinance No. _2008-0-011_ ("Ord. _2008-0-011_"), which authorized the Customer's entry into this Service Agreement; and

WHEREAS, this Service Agreement is entered into separately from and independently of the Program Agreement;

NOW, THEREFORE, in consideration of the mutual covenants contained herein, and for other valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. <u>RECITALS.</u> The Recitals contained in this Service Agreement and in the Program Agreement attached hereto as Exhibit A are incorporated herein by reference as if set forth in full.

2. <u>DEFINITIONS.</u> The definitions set forth in Section 1 of the Program Agreement attached hereto as Exhibit A are incorporated herein by reference as if set forth in full. As used in this Service Agreement, "Transaction" means, cumulatively, all correspondence sent by Redflex to the registered owner (or lessee, where applicable) of a vehicle resulting from a single Violation.

3. <u>VIOLATION PROCESSING.</u> During the Operational Period, Violations shall be processed as follows:

    3.1.1. All Violations Data shall be stored on the Redflex Photo Red Light System.

1

3.1.2. The Redflex Photo Red Light System shall process Violations Data gathered from the Designated Intersection Approaches into a format capable of review by the Authorized Officer within four (4) days of the gathering of the Violations Data in one of the following ways. The method of review shall be in the discretion of the Customer:

3.1.2.A     The Redflex Photo Red Light System shall be accessible by the Authorized Officer through a virtual private network in encrypted format by use of a confidential password on any computer equipped with a high-speed internet connection and a web browser; or

3.1.2.B     Redflex shall provide the Authorized Officer with access to the Redflex Photo Red Light System for the purposes of reviewing the pre-processed Violations Data.

3.1.3. Redflex will apply violator name and address details to Citations according to the information supplied by the Secretary of State.

3.1.4. The Customer shall cause the Authorized Officer to review the Violations Data and to determine whether a Citation shall be issued with respect to each Potential Violation captured within such Violation Data, and transmit each such determination in the form of an Electronic Signature to Redflex using the software or other applications or procedures provided by Redflex on the Redflex Photo Red Light System for such purpose, and REDFLEX HEREBY ACKNOWLEDGES AND AGREES THAT THE DECISION TO ISSUE A CITATION SHALL BE THE SOLE, UNILATERAL AND EXCLUSIVE DECISION OF THE AUTHORIZED OFFICER AND SHALL BE MADE IN SUCH AUTHORIZED OFFICER'S SOLE DISCRETION (A "CITATION DECISION"), AND IN NO EVENT SHALL REDFLEX HAVE THE ABILITY OR AUTHORIZATION TO MAKE A CITATION DECISION.

3.1.5. With respect to each Authorized Violation, Redflex shall print and mail a Citation within four (4) days after Redflex' receipt of such authorization.

3.1.6. The following information will be included on all Citations:

a.   Registered owner's name and address;

b.   Copies of the recorded images depicting the Violation;

c.   A statement that the recorded images are evidence of a red light violation;

d.   License plate of vehicle;

e.   Violation description;

2

    f.   Date, time and location of Violation;

    g.   Vehicle make (if readily discernable);

    h.   Information regarding the availability of a hearing to contest the Violation on its merits, specifying the time and manner that such a hearing may be had;

    i.   The fine imposed, the date of required payment and penalty assessed for late payment;

    j.   A warning that a failure to pay the penalty imposed, or to timely contest it, is an admission of liability and may result in suspension of the owner's driving privileges;

    k.   A statement that the owner may proceed by paying the fine or challenging the fine, by mail (if a non-resident) or by administrative hearing; and

    l.   A statement that payment of the fine and any applicable late payment penalty shall dispose of the Violation with finality.

3.1.7.   Redflex will obtain approval from the Customer on the form of Citation to be used.

3.1.8.   Redflex shall provide a toll-free telephone number for the purposes of answering citizen inquiries for at least forty (40) business hours per week. English and Spanish speaking operators will be available.

3.1.9.   Redflex will provide a full turn key lock box banking service. Redflex will contract with an FDIC member bank for the provision of lockbox services incorporating the collection and banking of fine payments by means of check, money order or credit card transaction. Redflex will provide a full monthly accounting of fine receipts and associated transactions to the Customer and remit fine proceeds to the Customer by check or Automated Clearing House transaction no later than the 15th day following each month end.

3.1.10.  Redflex will provide a secure website (Photonotice.com) offering violators the ability to view still and video images of their violation and an online credit card payment facility. Redflex reserves the right to charge the violator a convenience fee of not more than $5.95 for the use of this payment facility. Based on the proposed fine of one hundred ($100), the convenience charge will be $2.95 and will be borne in full by the violator.

3.1.11.  Redflex will mail up to three (3) additional notices of delinquent payments, partial payments and other additional notices as required on each Transaction in accordance with the Illinois Vehicle Code and Ord._____.

3.1.12. Redflex will provide the Customer with hearing evidence packs where required and will respond within fourteen (14) days to such a request.

3.1.13. Redflex will, at the request of the Customer and at Redflex' sole expense, establish a file transfer process with the appropriate court or other Customer departments as the Customer requires.

3.1.14. Redflex shall permit the Authorized Officer to generate monthly reports using the Redflex Standard Report System.

3.1.15. Upon Redflex's receipt of a written request from the Customer and in addition to the Standard Reports, Redflex shall provide, without cost to the Customer, reports regarding the processing and issuance of Citations in such format and for such periods as the Customer may reasonably request; provided, however, Redflex shall not be obligated to provide in excess of six (6) such reports in any given twelve (12) month period without cost to the Customer.

3.1.16. During the six (6) month period following the Installation Date and/or upon Redflex's receipt of a written request from the Customer at least fourteen (14) calendar days in advance of court proceeding, Redflex shall provide expert witnesses for use by the Customer in prosecuting Violations; provided, however, the Customer shall either: (i) use reasonable best efforts (using pleadings provided by Redflex), to seek judicial notice, or in lieu of requiring Redflex to provide such expert witnesses; or (ii) provide evidence to Redflex that a trial court in the Fifth Municipal District of Cook County has already ruled in favor of a Defendant on the issue of judicial notice.

3.1.17. During the six (6) month period following the Installation Date, Redflex shall provide such training to police personnel as shall be reasonably necessary in order to allow such personnel to act as expert witnesses on behalf of the Customer with respect to the Photo Red Light Enforcement Program.

4.   PROSECUTION AND COLLECTION; COMPENSATION.   The Customer shall reasonably prosecute Citations and the collection of all fines and penalties in respect thereof, and Redflex shall have the right to receive, and the Customer shall be obligated to pay, the compensation set forth on Exhibit B attached hereto and incorporated herein by reference.

5.   INCORPORATION OF OTHER TERMS.   The Program Agreement attached hereto as Exhibit A is incorporated herein by reference as if set forth in full.

6.   PROCEDURES UPON TERMINATION.   Upon termination of this Service Agreement, Redflex shall, within seven (7) days of such termination, promptly deliver to the Customer a final report regarding the issuance of Citations, promptly deliver to the Customer a final invoice stating all fees and charges properly owed by the Customer to Redflex for Citations issued prior to the termination, and provide such assistance as the Customer may reasonably request from time to time in connection with prosecuting and enforcing Citations issued prior to the termination of the Service

4

Agreement. The Customer shall promptly pay any and all fees, charges and amounts properly owed by the Customer to Redflex for Citations issued by Redflex prior to the termination.

IN WITNESS WHEREOF, the Parties hereto have executed this Service Agreement as of the day and year first set forth above.

"Customer"                                    "Redflex"

VILLAGE OF TINLEY PARK, ILLINOIS    REDFLEX TRAFFIC SYSTEMS, INC.,

By: _____         By: _____
Edward Zabrocki                     Name: ROBERT FEILER
Village President                   Title: VICE PRESIDENT
                                          4-3-08


ATTEST:
By: _____
Frank W. German
Village Clerk

5

**EXHIBIT K**

Tinley Park Police Department
Photo Enforcement Program
P.O. Box 42034
Phoenix, AZ 85080

IF YOU WANT TO PAY THE CIVIL PENALTY, make sure
this address appears in the window of the enclosed

TINLEY PARK PHOTO ENFORCEMENT
PROGRAM PAYMENT CENTER
PO BOX 76983
CLEVELAND OH 44101-6500

NORMAN W ELFTMANN III



## Notice of Traffic Violation

— — Tear Here — — — — — — — Tear Here — — — — — — — Tear Here — — — — —

TO RETURN THE AFFIDAVIT, make sure this address
appears in the window of the enclosed envelope.

Tinley Park Photo Enforcement
Customer Service Center
P.O. Box 42034
Phoenix, AZ 85080

— — Tear Here — — — — — — — Tear Here — — — — — — — Tear Here — — — — —

TO REQUEST A HEARING, make sure this address
appears in the window of the enclosed envelope.

Tinley Park Police Department
Red light Photo Enforcement Program
7850 183rd St.
Tinley Park, IL 60477

**OPTIONS PAGE**

**OPTION A: PAYMENT COUPON          TINLEY PARK RED LIGHT PHOTO ENFORCEMENT PROGRAM**

Notice #: TNP14003520          Issued To: NORMAN W ELFTMANN III

☐ Check or Money Order     Please make check or Money Order Payable to "Tinley Park Red Light Photo Enforcement Program"
                           (ensure address on reverse side appears in the window of the envelope)

☐ Credit Card   ☐ Visa                    Credit card payments can also be made online at: www.photonotice.com
                ☐ Master Card                                           Enter City Code: TNPRL

Name as it appears on card (Print): _____
                                    First                              Last

Card #: _____ - _____ - _____   Expiration Date: Month _____ Year _____   Security Code #: _____

Mailing Address: _____
                 Street                              City / State / Zip Code

Phone Number: _____   Signature: _____   Date: ___/___/___

Total Amount Due   **$100.00**          Amount Enclosed: _____

NORMAN W ELFTMANN III
▬▬▬▬▬▬▬▬▬▬▬              0769830000TNP1400035200100005

--- *Tear Here* --- --- *Tear Here* --- --- *Tear Here* ---

**OPTION B: AFFIDAVIT          TINLEY PARK RED LIGHT PHOTO ENFORCEMENT PROGRAM**
**(COMPLETE FULLY IF ONE OF THE OPTIONS BELOW APPLIES)**                    Notice #: TNP14003520
                                                          Issued To: NORMAN W ELFTMANN III

CHECK ONE:   ☐ The vehicle is owned by a rental car/leasing agency.
             ☐ The vehicle or license plate(s) were stolen at the time of the violation.

Print Actual Driver Name: _____

Address: _____   City, State, ZIP Code: _____

The stolen or illegally taken vehicle was reported to _____ Police Dept. on ___/___/___

Police Report No. _____          DECLARATION
             I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT

Signature: _____   Print Name: _____

Phone Number: _____   Date ___/___/___

**IMPORTANT:**
• 
• 
• 
vehicle's driver if the vehicle was in a violation under Section "A"

--- *Tear Here* --- --- *Tear Here* --- --- *Tear Here* ---

**OPTION C: HEARING REQUEST          TINLEY PARK RED LIGHT PHOTO ENFORCEMENT PROGRAM**
    CHECK ONE: ☐ HEARING REQUEST (Residents or non-residents)
             ☐ HEARING REQUEST, NON-APPEARANCE (Non-residents only)

**(Complete ONLY if you want a hearing scheduled OR if you are a non-resident and wish to contest the validity of the violation
notice without personally appearing)**                         Issued To   NORMAN W ELFTMANN III

Notice #  TNP14003520      Date of Violation.  November 2, 2014

Print Name: _____
            First               Last
Address: _____
         Street              City/State/Zip Code
Phone Number: _____   Cell: _____

Signature: _____   Date: ___/___/___
**IMPORTANT**
• This Hearing Request must be returned by December 1, 2014
• You must include a notarized statement of facts if applicable
• You will receive a Notice of Hearing date from the Village of Tinley Park
• Only non-residents may contest a violation notice without personally appearing



# TINLEY PARK, ILLINOIS
# RED LIGHT PHOTO
# ENFORCEMENT PROGRAM
# NOTICE OF VIOLATION

## NOTICE NUMBER: TNP14003520

Tinley Park has a red light photo enforcement program in effect to reduce the number of red light running violations. As you can see from the photos to the right, a vehicle registered in your name and described below violated the red light traffic control device.

| DATE OF VIOLATION | TIME OF VIOLATION |
|---|---|
| November 2, 2014 | 11:41AM |

**NAME (FIRST, MIDDLE, LAST)**
NORMAN W ELFTMANN III

**ADDRESS (STREET, APT #)**

| CITY | STATE | ZIP |
|---|---|---|
| | | |

| VEH. LIC NO | VEH. STATE | VEH YEAR |
|---|---|---|
| | IL | 1999 |

| VEH. MAKE | VEH BODY | REG YEAR |
|---|---|---|
| DODGE | | |

| PENALTY AMOUNT | ORDINANCE | DESCRIPTION |
|---|---|---|
| $100.00 | No. 2008-O-011 | Disobeyed A Traffic Control Device |

**LOCATION OF VIOLATION**
IL Rte 43 (Harlem Ave) and 159th St (NB)

**YOU MUST RESPOND TO THIS NOTICE ON OR BEFORE**
DATE: December 1, 2014

**REGISTERED OWNER (FIRST, MIDDLE, LAST)**
NORMAN W ELFTMANN III

**ADDRESS (STREET, APT #)**

| CITY | STATE | ZIP CODE |
|---|---|---|
| | | |

PLEASE NOTE THAT RECORDED IMAGES CONSTITUTE PRIMA FACIE EVIDENCE OF A VIOLATION OF THE NO. 2008-O-011.

BASED UPON MY REVIEW AND INSPECTION OF THE RECORDED IMAGES, I STATE THAT A VIOLATION OF NO. 2008-O-011 DID OCCUR.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF ILLINOIS THE FOREGOING IS TRUE AND CORRECT.

| Nov 6, 2014 | [signature] 885 | 885 |
|---|---|---|
| DATE ISSUED | TINLEY PARK POLICE OFFICER | BADGE NO. |

Note: As the registered owner of the vehicle described in this Notice, you are responsible for paying this civil penalty by December 1, 2014. Failure to respond to this notice will result in an additional $25.00 late payment penalty







To view a video of this violation go to
www.photonotice.com

**VILLAGE OF TINLEY PARK, IL**   **INSTRUCTION PAGE**   RED MEANS

**1.  Reason You Received This Notice:**
A vehicle registered in your name was photographed running a red light or the registered owner of the vehicle depicted on this Notice has submitted an Affidavit naming you as the driver of the vehicle at the time of the violation.  This is a violation of the No. 2008-O-011.

Please read the instructions below regarding how to take care of this Notice. For all other questions and/or information, contact the Tinley Park Red Light Photo Enforcement Program Customer Service Center toll free at 1-877-847-2338, Monday – Friday between 8:00am and 5:00pm (CST).

**2.  You Must Select One of the Following Options.**  Complete the coupon on the Options Page for the option you select and return the coupon in the enclosed envelope.  Make sure the mailing address on the reverse side of the coupon appears in the window of the enclosed envelope.

**A.**   **Payment Methods.**  As the registered owner or nominated driver of the vehicle described in this Notice, we have no choice but to hold you responsible for paying this civil penalty by December 1, 2014. This violation will not be reported to your insurance company or the Secretary of State, unless you have five (5) or more unpaid photo enforcement violations. If you were not the driver at the time of the violation, you may choose to complete the Affidavit on Option B of the mail-in coupon on Page 2 of this Notice and indicate who was driving.
  - Please do not send cash.
  - Make Check or Money Order payable to "Tinley Park Red Light  Photo Enforcement Program".
  - Payments by Personal Check, Money Order and Visa/MasterCard are accepted. Please mail in the enclosed envelope along with the payment coupon found on Option A of page 2.
  - Credit Card payments can also be made online at: www.photonotice.com (Enter city code: TNPKIL)
  - A $25.00 administrative fee will be assessed for rejected or declined payments

**B.**   **Affidavit Identify another Driver, only if you are a rental/leasing agency or if the vehicle was stolen prior to the date of violation**
It is sufficient evidence for the purpose of enforcing No. 2008-O-011 that the person registered as the owner of the vehicle was operating the vehicle at the time of the violation. However, liability of the owner may be removed if the Affidavit of Non-Responsibility (Option B coupon on page 2) is completed and returned by December 1  2014 and the nominee pays the civil penalty in full or if the vehicle or license plate(s) were stolen prior to the violation. You may mail the Affidavit of Non-Responsibility in the enclosed envelope to the Customer Service Center, P.O. Box 42034, Phoenix, AZ 85080.
  - If the vehicle or license plate was reported stolen at the time of the violation, you must submit a copy of the police report along with the Affidavit of Non-Responsibility.
  - No record of this violation will be sent to your insurance company or to Secretary of State, unless you have five (5) or more unpaid photo enforcement violations.

**C.**   **RIGHT TO AN ADMINISTRATIVE HEARING.**  You have the right to a hearing to contest the merits of the alleged violation.

To schedule a hearing and have the matter reviewed by a Hearing Officer, You MUST do the following:
  - Mail the Request for Hearing Coupon (Option C on page 2) in the enclosed envelope to the Tinley Park Police Department 7850 183rd St., Tinley Park, IL 60477. Please include your phone number. You will be notified of a date and time to appear.
  - You may also schedule a hearing in person at the Tinley Park Police Department 7850 183rd St, Tinley Park, IL 60477. A completed Hearing Request Coupon (Option C on page 2) must be presented at that time in order to schedule the hearing.
  - Hearings are held at 7850 183rd St., Tinley Park, IL 60477 by appointment only.
  - Please ensure that your hearing request is submitted prior to December 1  2014.
  - If found liable at the administrative adjudication hearing, the civil penalty is due within  35  days of the finding or a late payment penalty of $25.00 will be assessed
  - Failure to appear at the hearing, after scheduling a hearing, will result in a Final Determination of Liability. If payment is not received within  35 days a $25.00 late payment fee will be assessed.

**Non-Resident Request for Hearing – Non-Appearance.**  A non-resident registered owner or lessee may contest the validity of the Violation Notice without personally appearing as follows:
  - Mail the Non-Resident Hearing Request, Non-Appearance coupon (Option C on page 2) in the enclosed envelope to the Tinley Park Police Department, 7850 183rd St., Tinley Park, IL 60477. Please include your phone number. You must also enclose a notarized statement of facts specifying the grounds for challenging the Violation Notice.
  - Please ensure that your hearing request is submitted prior to December 1  2014.
  - The execution of the Non-Resident Request for Hearing is a waiver of the non-resident's right of a personal appearance and that the adjudication will be made based upon the notarized statement of facts submitted by the non-resident and the facts contained in the violation notice(s).
  - Only non-residents may contest the validity of a Violation Notice without personally appearing

**3.  View Violation on the Internet**
  - The violation has been captured on video and is available to be viewed on the internet at: www.photonotice.com (Enter City Code: TNPKIL). The video is available online for 60 days from the date of violation. If you do not have access to a computer, computers are available at the Public Libraries. Please refer to your phone book for the library most convenient to you.

Si tiene alguna pregunta referente al pago, contacte al Centro de Servicio al Cliente del Programa Tinley Park Red Light Photo Enforcement Program al numero gratuito 1-877-847-2338 de Lunes a Viernes entre las 8:00 a.m. a 5:00 p.m. (Hora de la Central)

**EXHIBIT L**




# TINLEY PARK POLICE DEPARTMENT

7850 West 183rd Street
Tinley Park, IL 60477
708-444-5368

Chief Steven Neubauer

February 18, 2015

JENNIFER MUSSER


## TINLEY PARK RED LIGHT PHOTO ENFORCEMENT PROGRAM

This is in response to your request for a hearing for a Red Light Photo Enforcement notice. You must be present at the hearing in order to appeal the violation. You are responsible for whoever is driving your vehicle. Please bring this letter when you appear at the hearing.

Notice #:                TNP15000202

Violation issued to:     JENNIFER MUSSER

Hearing Date:            3/04/2015

Hearing Location:        Tinley Park Police Department
                         7850 West 183rd Street
                         Tinley Park, IL 60477

Hearing Time:            7:00 p.m.



# TINLEY PARK POLICE DEPARTMENT
7850 West 183rd Street
Tinley Park, IL. 60477
708-444-5368



## Chief Steven Neubauer

Name/Respondent: **JENNIFER MUSSER**
Address:
City, State, Zip:

TNP15000202

Phone:

Date of Hearing: March 4, 2015

Time of Hearing: 7:00 PM

After a review of the video images, any oral or written testimony and any other evidence submitted regarding the alleged violation, the Hearing Officer has made the following determination in this matter. The Respondent is found:

### FINDING: FOUND GUILTY

You have been found guilty, the civil penalty of $100.00 is due within 35 days from the hearing date shown above. If the payment is not received by the Village of Tinley Park within 35 days, an additional $25.00 late payment penalty will be assessed. All past due penalties are subject to collection action 90 days from the original date a violation notice is issued, if the violation is not paid. If you accumulate five (5) or more unpaid automated traffic enforcement violations, your driver's license may be suspended by the Secretary of State. You are notified that this order is an administrative decision. This decision may be appealed to the Circuit Court of Cook County within 21 days of the date of this notice by filing a complaint and paying the appropriate state mandated filing fees.

### Make check or Money Order Payable to:

Tinley Park Red Light Photo Enforcement Program

### Mail Payment To:

Tinley Park Photo Enforcement
Program Payment Center
P.O. Box 76983
Cleveland Ohio 44101-6500



**Tinley Park**
ILLINOIS

**Village President**
Edward J. Zabrocki

**Village Clerk**
Patrick E. Rea

**Village Trustees**
David G. Seaman
Gregory J. Hannon
Brian S. Maher
Thomas J. Staunton, Jr.
Patricia A. Leoni
T. J. Grady

**Village Hall**
16250 S. Oak Park Ave.
Tinley Park, IL 60477

**Administration**
(708) 444-5000
Fax: (708) 444-5099

**Building & Planning**
(708) 444-5100
Fax: (708) 444-5199

**Public Works**
(708) 444-5500

**Police Department**
7850 W. 183rd St.
Tinley Park, IL 60477

(708) 444-5300/Non-emergency
Fax: (708) 444-5399

**John T. Dunn**
**Public Safety Building**
17355 S. 68th Court
Tinley Park, IL 60477

**Fire Department &**
**Prevention**
(708) 444-5200/Non-emergency
Fax: (708) 444-5299

**EMA**
(708) 444-5600
Fax: (708) 444-5699

**Senior**
**Community Center**
(708) 444-5150

www.tinleypark.org



March 10, 2015

Mr. Stephen Eberhardt
Attorney at Law
16710 South Oak Park Avenue
Tinley Park, IL 60477

Re: Jennifer Musser—TNP15000202

Dear Mr. Eberhardt:

Per your request to have the case reset so that Ms. Musser can be represented by counsel, I discussed the matter with Hearing Officer Mike Carroll and will honor your request by resetting this case to the administrative court on April 1, 2015, at the Tinley Park police station.

Sincerely,

Steven Neubauer
Chief of Police

acg