UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORMAN W. ELFTMANN III, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 15 C 10585 |
| v. | ) |
| | ) Chief Judge Rubén Castillo |
| VILLAGE OF TINLEY PARK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Norman W. Elftmann III ("Elftmann") and Jennifer Musser ("Musser") (collectively, "Plaintiffs") filed an action on behalf of a putative class in the Circuit Court of Cook County, Illinois, challenging the red light camera ordinance adopted by the Village of Tinley Park ("the Village"). (R. 1-1, State Compl.) Plaintiffs assert both state-law claims and federal constitutional claims. (*Id.* ¶¶ 61-100.) The Village removed the action to this Court on federal question grounds. (R. 1, Notice of Removal.) Plaintiffs now move to remand. (R. 9, Mot. to Remand.) For the reasons stated below, the motion is denied.

## BACKGROUND

In 2006, the State of Illinois passed legislation that granted municipalities authority to install and maintain "automated traffic law enforcement systems," commonly known as red light cameras. (R. 1-1, State Compl. ¶ 24 (citing 625 ILL. COMP. STAT. 5/11-208.6).) Municipalities who wish to maintain a red light camera system must pass an ordinance that imposes liability on vehicle owners caught violating traffic laws. (*Id.* ¶ 25.) The statute also requires that municipalities issue written notices to vehicle owners for each violation. (*Id.* ¶ 26.) The notice must include a statement informing the owner that he or she "may elect to proceed by: (A)

paying the fine, completing a required traffic education program, or both; or (B) challenging the charge in court, by mail, or by administrative hearing." (*Id.* (quoting 625 ILL. COMP. STAT. 5/11-208.6(d)(10).) The statute also authorizes, but does not require, municipalities to create a system of administrative adjudication for red light camera violations. (*Id.* ¶ 27 (citing 625 ILL. COMP. STAT. 5/11-208.3).) Where a violation is challenged through a municipal adjudication process, the hearing officer's decision is still subject to judicial review through the state's Administrative Review Law. (*Id.* ¶ 15 (citing 625 ILL. COMP. STAT. 5/11-208.3(d); 735 ILL. COMP. STAT. 5/3-101 *et seq.*).) The enabling legislation also requires that red light camera laws be uniformly applied and enforced by "all units of local government." (*Id.* ¶ 28 (quoting 625 ILL. COMP. STAT. 5/11-208.1).)

On April 1, 2008, the Village passed an ordinance pursuant to the state's enabling statute authorizing the installation and use of red light cameras within the Village. (*Id.* ¶ 39.) Elftmann and Musser have both been cited for violating the ordinance. (*Id.* ¶¶ 46-48, 51-53.) Elftmann simply paid the $100 fine, whereas Musser chose to challenge it; she was afforded an administrative hearing but was found guilty. (*Id.* ¶¶ 49-57.) Plaintiffs later discovered (through Freedom of Information Act requests) that the Village had on multiple occasions voided red light camera citations for certain individuals through a process known as "police discretion." (*Id.* at ¶¶ 5-7; *id.*, Exs. C-F.) Plaintiffs allege that the "police discretion" process was used to benefit politically connected individuals, including "the landscaper who cuts former Mayor Edward Zabrocki's grass," employees of a corporation that was "a substantial campaign contributor" to Zabrocki, the wives of Tinley Park police officers and firefighters, and the owner of a local car dealership who served as "Inaugural Committee Chairman" for Zabrocki during the last election.

(*Id.* ¶ 7.) All of these individuals allegedly triggered the red light cameras but were not given a citation. (*Id.*)

On November 3, 2015, Plaintiffs filed a complaint in state court on behalf of themselves and a putative class of approximately 24,000 individuals who have been found guilty of red light camera violations since the Village ordinance was enacted. (*Id.* ¶¶ 16, 19.) In Count I, they allege that the Village violated their Fourteenth Amendment equal protection rights "by authorizing rejection of certain person(s) [sic] tickets for 'police discretion' while denying that option to Plaintiffs and others similarly situated." (*Id.* ¶ 64.) Within this count, they also allege that the Village violated their Fourteen Amendment due process rights through its "arbitrary, capricious, and unreasonable" enforcement of the ordinance. (*Id.* ¶¶ 66, 68.) In Count II, they seek "a declaratory judgment" that the Village's red light camera ordinance is "unconstitutional, unlawful, *void ab initio*, and unenforceable" under state law and the federal Due Process Clause. (*Id.* ¶ 75.) They allege that the ordinance fails to offer violators the opportunity to challenge the violation in court, which in their view is a requirement of the state's enabling statute. (*Id.* ¶ 76.) In Count III, Plaintiffs allege "unjust enrichment"; they claim that "[b]ecause of the unconstitutional applications and unlawful terms and enforcement" of the ordinance, the Village "has never been legally entitled to collect any sums from Plaintiffs, or any members of the Plaintiff Class, for photo red light violations." (*Id.* ¶ 97.) Among other relief, they seek a determination that "Defendant's passage, enforcement and practices under the Ordinance are unlawful as well as enforceable as violative of the Constitution of the United States," (*id.* at 15), a full refund "of all sums they have paid in fees, fines, taxes or penalties," an award of other damages, court costs, attorneys fees, and "other relief as the Court deems just, fair and equitable." (*Id.* at 21.)

On November 24, 2015, the Village removed the case to this Court. (R. 1, Notice of Removal.) After a preliminary review, the Court dismissed the complaint without prejudice and afforded Plaintiffs an opportunity to either file an amended federal complaint or move to remand. (R. 4, Min. Entry.) On December 22, 2015, Plaintiffs filed a motion to remand. (R. 9, Mot. to Remand.) The motion is somewhat difficult to parse, but Plaintiffs appear to raise three separate arguments in support of their requested relief. First, they request that the Court abstain from exercising jurisdiction over the entire case, or at least the state law claims, pursuant to *Texas Railroad Commission v. Pullman Co.*, 312 U.S. 496 (1941). (R. 9, Mot. to Remand at 2.) Second, they argue that this Court should "sever" and remand the state-law claims pursuant to 28 U.S.C. § 1441(c). (*Id.*) Finally, they request that the Court exercise its discretion under 28 U.S.C. § 1367(c) to relinquish jurisdiction over the state-law claims. (*Id.* at 3-4.) The Village opposes the motion, arguing that this case was properly removed and that there is no basis to remand or stay any portion of the case. (R. 12, Resp.)

## LEGAL STANDARD

A defendant can remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The Court has original jurisdiction over claims arising under federal law. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Citadel Sec., LLC v. Chi. Bd. Options Exch., Inc.*, 808 F.3d 694, 701 (7th Cir. 2015) (citation omitted). A notice of removal must be filed "within 30 days after the receipt by the defendant, through

4

service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

Within 30 days thereafter, a plaintiff can move to remand. 28 U.S.C. § 1447(c). "In considering a motion for remand, the court must examine the plaintiffs' complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint." *Scouten v. MNL-FTS, LLC*, 708 F. Supp. 2d 729, 731 (N.D. Ill. 2010) (citation omitted). "The well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction." *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010). The removing party has the burden of establishing that federal jurisdiction exists. *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013). The Court must "interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

## ANALYSIS

Before turning to Plaintiffs' arguments, it is important to note that Plaintiffs do not challenge the Court's subject-matter jurisdiction. Nor would such an argument have any merit. As the Village points out, the complaint blurs together various state and federal legal principles within each count, but it is apparent from the face of the complaint that Count I invokes the Due Process and Equal Protection Clauses of the Fourteenth Amendment. (R. 1-1, State Compl. ¶¶ 64, 68.) In fact, Plaintiffs label these claims as arising under 42 U.S.C. § 1983. (*Id.* ¶¶ 63, 68.) Count II, which is partly based on state law, also invokes the Fourteenth Amendment's Due Process Clause. (*Id.* ¶ 74.) These federal claims fall within the Court's original jurisdiction. 28

5

U.S.C. § 1331. Therefore, this action was properly removed to this Court. *See* 28 U.S.C. § 1441(a). With this understanding, the Court turns to Plaintiffs' arguments.

I. *Pullman* **Abstention**

Plaintiffs first argue that this Court should abstain from exercising jurisdiction over this case pursuant to the *Pullman* abstention doctrine. (R. 9, Mot. to Remand at 4.) *Pullman* abstention is appropriate "when (1) there is a substantial uncertainty as to the meaning of the state law and (2) there exists a reasonable probability that the state court's clarification of state law might obviate the need for a federal constitutional ruling." *Wis. Right to Life State Political Action Comm. v. Barland*, 664 F.3d 139, 150 (7th Cir. 2011) (internal quotations omitted). "The doctrine is based on considerations of comity and federalism[.]"; *see also Pullman*, 312 U.S. at 500 (observing that the purpose of abstention is to "avoid the waste of a tentative decision as well as the friction of a premature constitutional adjudication"). When a court abstains under *Pullman*, "it is not seeking to protect the rights of one of the parties; it is seeking to promote a harmonious federal system by avoiding a collision between the federal courts and state (including local) legislatures." *MainStreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 748 (7th Cir. 2007) (citation omitted).

Nevertheless, the U.S. Supreme Court has noted on several occasions that there is a "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also Sprint Comm'cns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction."). Thus, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colo. River*, 424 U.S. at 813. Only "exceptional circumstances" will permit a federal court to abstain from deciding a case properly

6

before it. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 496 (7th Cir. 2011). "Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." *Sprint*, 134 S. Ct. at 588.

The Court does not find the type of exceptional circumstances present here that would warrant *Pullman* abstention.[1] As to the first requirement—whether there is "substantial uncertainty" in the state law—Plaintiffs argue that this requirement is met because the Illinois Supreme Court has not yet determined whether the state's enabling statute "require[s] municipalities to offer photo red light offenders the option of contesting the violation in Circuit Court." (R. 9, Mot. to Remand at 4.) Plaintiffs argue that the state enabling legislation is "fairly open to interpretation," which in their view warrants abstaining until the matter has been resolved in the state courts. (R. 13, Reply at 7-8.) But the standard for *Pullman* abstention is significantly higher. *Pullman* is not satisfied simply because the state courts have not yet interpreted a law; rather, *Pullman* abstention applies to "unresolved questions of state law *which only a state tribunal could authoritatively construe.*" *Wisconsin v. Constantineau*, 400 U.S. 433, 438 (1971) (emphasis added).

The Court does not find this standard to be satisfied. Even though the Illinois Supreme Court might not have spoken on the precise argument raised by Plaintiffs, there is ample state case law to guide the resolution of Plaintiffs' claims. The Illinois Supreme Court has held that

---

[1] It is worth noting that there is a procedural problem with Plaintiffs' request for a remand of this entire action, which would include their federal constitutional claims. Because Plaintiffs are seeking damages in connection with these claims, the Court is only permitted to *stay* them on abstention grounds. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (1996) ("[W]hile we have held that federal courts may stay actions for damages based on abstention principles, we have not held that those principles support the outright dismissal or remand of damages actions."); *McRaith v. Am. Re-Ins. Co.*, No. 09 C 4027, 2010 WL 624857, at *4 (N.D. Ill. Feb. 17, 2010) (rejecting plaintiff's request for a remand rather than a stay on abstention grounds, where plaintiff sought both equitable relief and damages); *Delta Asphalt, Inc. v. Travelers Cas. & Sur. Co.*, No. 05-CV-0543-DRH, 2005 WL 2808909, at *2 (S.D. Ill. Oct. 27, 2005) ("Since *Quackenbush*, Circuit Courts have ruled unanimously that a district court lacks authority to remand or dismiss claims for damages that are within its subject matter jurisdiction."). But regardless, Plaintiffs' request for *Pullman* abstention fails for the more substantive reasons outlined herein.

under the Illinois Constitution, circuit courts have original jurisdiction over "all justiciable matters." *Crossroads Ford Truck Sales, Inc., v. Sterling Truck Corp.*, 959 N.E.2d 1133, 1140 (Ill. 2011). However, the Illinois Supreme Court has also held that "[t]he legislature may divest the circuit courts of their original jurisdiction through a comprehensive statutory administrative scheme." *Id.* at 1141. An Illinois appellate court applying this principle held that when a municipality adopts an administrative adjudication scheme for red light camera violations pursuant to the state's enabling statute, as the Village has here, the municipality's administrative hearing unit—rather than the circuit court—has subject-matter jurisdiction to hear a challenge to a violation. *Farrar v. City of Rolling Meadows*, 4 N.E.3d 143, 146-49 (Ill. App. Ct. 2013). The Illinois Supreme Court has also clearly delineated the manner in which a court is to construe a state statute:

> When construing a statute, this court's primary objective is to ascertain and give effect to the intent of the legislature. The best signal of legislative intent is the language employed in the statute, which must be given its plain and ordinary meaning. Words and phrases should not be considered in isolation, however, and should be viewed in light of other relevant provisions of the statute. And this court presumes that the legislature did not intend absurdity, inconvenience, or injustice. We will also avoid a construction of a statute that renders any portion of it meaningless. Where the statutory language is clear and unambiguous, it will be given effect without resort to other aids of construction. But if the meaning of an enactment is unclear from the statutory language, the court may look beyond the language used and consider the purpose behind the law and the evils the law was designed to remedy.

*Valfer v. Evanston Nw. Healthcare*, --- N.E.3d ---, 2016 WL 2926512, at *4 (Ill. 2016) (internal citations omitted).

Under these guiding principles, the provision cited by Plaintiffs cannot be deemed vague or ambiguous. While the Court does not intend to prejudge the resolution of Plaintiffs' claims, it appears that the provision they rely on merely addresses the type of information that must be included in a violation notice, and requires that the notice advise the recipient that he or she may

8

"elect to proceed by . . . challenging the charge in court, by mail, or by administrative hearing." 625 ILL. COMP. STAT. 5/11-208.6(d)(10). Based on the overall statutory context, it would be difficult to conclude that the "in court" language creates a legally enforceable "option" to challenge a red light camera violation in the circuit court. Instead, this language appears to reflect the simple fact that some municipalities will have created an administrative adjudication process to challenge a red light camera violation, whereas others will not have. If no administrative adjudication process is provided, the violation would be subject to challenge in the circuit court under well-settled principles of state law. *See Crossroads*, 959 N.E.2d at 1141. The mere fact that Plaintiffs have a different view of the statute does not mean that there is "substantial uncertainty" in the law.

Based on the above, the Court does not find there to be the type of "substantial uncertainty" in the law that would warrant abstention. *See Int'l Coll. of Surgeons v. City of Chi.*, 153 F.3d 356, 365 (7th Cir. 1998) (holding that *Pullman* abstention was inappropriate where the state statutory scheme was "not uncertain"); *Ill. Ass'n of Realtors v. Martinez*, No. 06-3129, 2007 WL 647332, at *12 (C.D. Ill. Feb. 27, 2007) (finding that *Pullman* abstention was inappropriate because the state statute "on its face . . . is not vague or ambiguous, even though Illinois state courts have not had an opportunity to interpret the challenged rule"); *Kendall-Jackson Winery, Ltd. v. Branson*, 82 F. Supp. 2d 844, 859-60 (N.D. Ill. 2000) (finding that *Pullman* abstention was not appropriate even though no state court had construed the statute in question, where there was little uncertainty as the meaning of the state statute). The Supreme Court has instructed that "abstention should not be ordered merely to await an attempt to vindicate the claim in a state court," *Constantineau*, 400 U.S. at 439, which is essentially what

Plaintiffs are asking the Court to do here.[2] For these reasons, the Court finds that the first requirement for *Pullman* abstention is not satisfied.

As to the second requirement—whether there is a reasonable probability that the state court's clarification of state law might obviate the need for a federal constitutional ruling—Plaintiffs argue that a determination by the state court that a "court option" is required by state law would result in a full refund of their fines, which would obviate the need to address "constitutional claims that seek relief in the way of a refund of fines and fees." (R. 13, Reply at 13.) But Plaintiffs are seeking more than just return of the fines and fees that they paid: they are also seeking various forms of equitable relief, an award of additional damages, attorneys' fees, and costs. (R. 1-1, State Compl. at 15, 21.) A refund of the fines they paid would not obviate the need to decide whether they are entitled to these other forms of relief.

In addition, Plaintiffs' complaint not only alleges that the language of the ordinance is improper, but also that the Village has been *enforcing* the ordinance in a manner that violates their federal equal protection and due process rights. (R. 1-1, State Compl. ¶¶ 64-66.) These are distinct claims. Further, resolving the federal constitutional claims will require the Court to apply *federal* standards, and what state law requires is not determinative. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) ("[O]nce it is determined that the Due Process Clause applies, the question remains what process is due. The answer to that question is not to be found in the [state] statute." (internal citation and quotation marks omitted)); *see also Sobitan v. Glud*, 589 F.3d 379, 389 (7th Cir. 2009) ("By definition, federal law, not state law, provides the source

---

[2] Plaintiffs make reference to two cases currently pending in state court that seek administrative review of a Village hearing officer's guilty finding in red light camera cases, which in their view warrants abstention by this Court. (R. 9, Mot. to Remand at 5; R. 9-1, Compl.; R. 9-2, Compl.) Upon review of the complaints in those cases, both raise federal constitutional challenges to the Village's red light camera ordinance, but oddly, neither one asserts that the Village ordinance fails to comport with the state's enabling statute. (*See* R. 9-1, Compl. at 6-10; R. 9-2, Compl. at 6-10.) Thus, if the Court were to stay this case pending a resolution of the two cases cited by Plaintiffs, it would essentially be deferring judgment so that the state court could speak first on the matter of Plaintiffs' *federal* constitutional claims. That is not a proper application of *Pullman*.

of liability for a claim alleging the deprivation of a federal constitutional right." (citation omitted)); *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (observing that "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws")). Nor does it matter that the state court might determine that a "court option" is required under state constitutional provisions. *See Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 237 n.4 (1984) ("[A]bstention is not required for interpretation of parallel state constitutional provisions.").

Therefore, a ruling by the state court that the ordinance fails to offer violators a "court option" in accordance with state law would not obviate the need to decide Plaintiffs' federal constitutional claims. This weighs against abstention. *See Wis. Right to Life*, 664 F.3d at 151 (reversing district court's decision to enter a stay pursuant to *Pullman* where federal constitutional issue would be unaffected by the outcome of a state court ruling, even though there was some overlap in the state and federal issues); *Kendall-Jackson Winery*, 82 F. Supp. 2d at 860 (finding *Pullman* abstention inappropriate where state court's clarification of state law would not obviate the need for federal court to determine whether the law violated the Contracts Clause of the U.S. Constitution); *Roe v. City of Milwaukee*, 26 F. Supp. 2d 1119, 1125 (E.D. Wis. 1998) (finding *Pullman* abstention unwarranted because "the state court's determination of the defendants' liability, if any, under [state law] is not central to the resolution of the federal claims before this court, nor can it be said, with any degree of certainty, that resolution of the state law statutory claim would obviate the need for this court to address the federal constitutional claims"). The Court also considers that staying this case while the state-law issues wind their way through the state trial and appellate process would likely result in long delays. *See Kendall-Jackson Winery*, 82 F. Supp. 2d at 860 (observing that "the risk of delay is a consideration in

11

determining if abstention is appropriate"). For these reasons, the Court finds that *Pullman* abstention is not warranted in this case.

## II. Section 1441(c)

Plaintiffs next argue that the Court should "sever" and remand the state-law claims pursuant to 28 U.S.C. § 1441(c). (*See* R. 9, Mot. to Remand at 3.) Section 1441(c) applies to removed cases that contain:

> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute[.]

28 U.S.C. § 1441(c)(1). Where a case meets this definition, the Court must sever and remand the claims over which it lacks jurisdiction. 28 U.S.C. § 1441(c)(2). In plain terms, Section 1441(c)(2) requires the Court to remand "separate and independent" claims that are removed with a federal question claim but that fall outside the Court's jurisdiction. *Montano v. City of Chi.*, 375 F.3d 593, 600 (7th Cir. 2004).

It is not entirely clear why Plaintiffs believe this provision is applicable here, because they do not actually argue that this Court lacks supplemental jurisdiction over their state-law claims. Nor would they have much basis for asserting such an argument. The Court has supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "Claims form part of the same case or controversy when they 'derive from a common nucleus of operative fact.'" *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). This standard is not particularly demanding, and a "loose factual

connection between the claims is generally sufficient." *Id.* (citation and internal quotation marks omitted). Thus, "[d]ifferent causes of action between the same parties that arise from the . . . same events will ordinarily be part of the same case or controversy." *Id.*

This standard is easily satisfied here. Plaintiffs' state-law claims arise out of the same set of facts as Plaintiffs' federal claims: the Village's alleged unlawful passage and enforcement of the red light camera ordinance. (*See* R. 1-1, State Compl. ¶¶ 72-99.) In fact, to support their state-law claims, Plaintiffs simply reallege and incorporate by reference the same factual allegations they make in support of their federal claims. (*See id.* ¶¶ 72, 96.) The Court concludes that all of Plaintiffs' claims arise from the same common nucleus of operative facts, which gives the Court supplemental jurisdiction over Plaintiffs' state-law claims.[3] Because the complaint does not contain any claims that fall outside of the Court's original or supplemental jurisdiction, Section 1441(c)(1) does not apply.

Plaintiffs point to *Badanish v. City of Chicago*, 895 F. Supp. 201 (N.D. Ill. 1995), in which another judge in this District found remand appropriate under 28 U.S.C. § 1441(c), because there the plaintiff was seeking administrative review of a municipal parking violation pursuant to state procedures. Plaintiffs here are not seeking administrative review of a traffic violation pursuant to a procedure exclusively available in state court like the plaintiff in *Badanish*. Instead, they are asserting ordinary claims based on state statutes and constitutional

---

[3] Plaintiffs also do not argue, nor can the Court discern any basis for concluding, that the state-law claims have been "made nonremovable by statute." 28 U.S.C. § 1441(c)(1)(B).

provisions. (*See* R. 1-1, State Compl. ¶¶ 72-99.) Therefore, the Court finds no basis to remand the state-law claims under Section 1441(c).[4]

## III.  Section 1367(c)

Finally, Plaintiffs request that the Court decline to exercise supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367. (R. 9, Mot. to Remand at 4-5.) As noted above, this Court has a "virtually unflagging" obligation to adjudicate claims within its jurisdiction, and there is no question that the Court has supplemental jurisdiction over Plaintiffs' state-law claims. Nevertheless, the Court may relinquish jurisdiction over a state-law claim when one of the following criteria is met:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The decision whether to decline jurisdiction under Section 1367(c) is firmly committed to the Court's discretion. *Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010).

Although they do not clearly label their argument, Plaintiffs appear to be proceeding under the first prong, as they argue that resolving their state-law claims will require the Court "to

---

[4] To the extent Plaintiffs are separately arguing that the Court should remand under 28 U.S.C. § 1447(c), this argument fares no better. (*See* R. 9, Mot. to Remand at 2.) That section governs remands where subject-matter jurisdiction is lacking or where removal was otherwise improper. 28 U.S.C. § 1447(c). As discussed above, this Court has subject-matter jurisdiction over the complaint under 28 U.S.C. § 1331, and the Village timely filed its notice of removal. Plaintiffs have not asserted any technical defects in the removal process, and the time for doing so has passed. *See McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998) ("[A]ny defect in the removal process other than the lack of subject-matter jurisdiction must be raised within 30 days or is forfeited."). Therefore, their reliance on Section 1447(c) is unavailing.

construe an Illinois statute as a matter of first impression."[5] (R. 9, Mot. to Remand at 4.) However, for the reasons explained above, the Court does not find the relevant state law particularly novel, complex, or difficult to construe. This weighs against relinquishing jurisdiction. *See Illinois v. Alta Colls., Inc.*, No. 14 C 3786, 2014 WL 4377579, at *6 (N.D. Ill. Sept. 4, 2014) ("[W]hen a court faces a single, unexceptional question of statutory interpretation, it is appropriate to exercise supplemental jurisdiction." (citation and internal quotation marks omitted)). Given the significant factual overlap in Plaintiffs' state and federal claims, the interest in judicial economy also weighs against splitting the case among different courts. *See id.* (finding that efficiency in litigating state and federal claims together weighed against relinquishing jurisdiction); *ITT Comm. Fin. Corp. v. Unlimited Auto., Inc.*, 814 F. Supp. 664, 669 (N.D. Ill. 1992) (declining to relinquish jurisdiction under Section 1367(c) in the interest of judicial economy and efficiency). For these reasons, the Court declines to relinquish jurisdiction under Section 1367(c).

In light of this opinion, Plaintiffs will be given an opportunity to file an amended federal complaint. The Court notes that Plaintiffs are the "masters" of their complaint, and if they do not wish to proceed in this Court with their federal constitutional claims, they are free to abandon them. *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000) ("[P]laintiffs as masters of the complaint may include (or omit) claims or parties in order to determine the forum."). The abandonment of these claims would not make removal improper, *see Burlington*,

---

[5] Plaintiffs make a passing reference to the second prong, predominance of state-law issues, without developing an argument or providing any citations to support it. (*See* R. 9, Mot. to Remand at 3.) The Court finds this argument to be waived. *See Milligan v. Bd. of Trs. of S. Ill. Univ.*, 686 F.3d 378, 386 (7th Cir. 2012) ("[T]he forfeiture doctrine applies not only to a litigant's failure to raise a general argument . . . but also to a litigant's failure to advance a specific point in support of a general argument[.]"); *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) ("[W]e have warned that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." (citation and internal quotation marks omitted)). But even if this argument were not waived, the Court finds no basis in the record to conclude that Plaintiffs' state-law claims substantially predominate over the federal constitutional claims. Plaintiffs raise federal claims in two of the three counts, and these constitutional challenges are clearly a centerpiece of the litigation.

606 F.3d at 380, but it would certainly provide a stronger argument for relinquishing jurisdiction over the state-law claims under Section 1367(c). *See Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) ("When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims, which the plaintiff can then prosecute in state court." (internal citations omitted)); *Int'l Coll. of Surgeons*, 153 F.3d at 366 ("[O]nce a district court has dismissed all the claims over which it had original jurisdiction, a significant facial attack to a state statute on state constitutional grounds should normally be remanded to state court."). But if Plaintiffs intend to pursue these claims, the Court will not unduly delay their resolution or permit Plaintiffs to litigate them in a piecemeal fashion. For all these reasons, the motion to remand is denied.

## CONCLUSION

For the foregoing reasons, the motion to remand (R. 9) is DENIED. Plaintiffs are GRANTED until July 29, 2016, to file an amended federal complaint. The parties shall appear for a status hearing on August 4, 2016, at 9:45 a.m. The parties are directed to reevaluate their settlement positions in light of this opinion and exhaust all efforts to settle the case.

ENTERED:
Chief Judge Rubén Castillo
United States District Court

**Dated: June 9, 2016**